THOMAS CHURCHILL, APPELLANT, V. CHARLES H. BEETHE ET AL., APPELLEES.

FILED APRIL 10, 1896. No. 6490.

1. Surface Water: DAMAGES: NEGLIGENCE. Under the common law rule prevailing in this state, the proprietor of lands may, by a proper use and improvement upon them, deflect surface water; and for consequent damage to his neighbor he is not liable in the absence of negligence. *Morrissey v. Chicago, B. & Q. R. Co.*, 38 Neb., 406, followed.

2. ———: ———: COUNTIES: CITIES. This rule applies to counties and municipalities exercising the right of eminent domain.

3. ———: ———: INJUNCTION: COUNTIES. For an unlawful diversion of surface water there is a remedy by an action for damages, or by injunction against a private individual; but a county or municipality, in the exercise of the right of eminent domain, may divert water in a manner which would be unlawful if done by an individual. In such case just compensation must be made for all damage inflicted.

4. ———: ———: EMINENT DOMAIN. All damages, immediate or prospective, which may flow from the proper construction and maintenance of an improvement carried on under the power of eminent domain, must be compensated in the original condemnation proceedings.

5. Highways: PROCEEDINGS TO OPEN: DAMAGES. The proceedings by which a highway is opened call for a settlement and payment of all damages which may arise from such proper construction and maintenance of the highway, taking into consideration such fills, cuts, ditches, and culverts as a proper construction and maintenance may require.

6. ———: CULVERTS: INJUNCTION. An action will not lie to enjoin a county from constructing a culvert across a highway, when such culvert is reasonably necessary to a proper maintenance of the road, damages consequent from such construction being presumed to have been satisfied when the highway was opened.

APPEAL from the district court of Johnson county. Heard below before BABCOCK, J.

*T. Appelget,* for appellant.

*J. Hall Hitchcock, contra.*

IRVINE, C.

The appellant brought this action against the defendants, who are the county commissioners of Johnson county and the overseer of a road district therein, to restrain the defendants from building a certain culvert across a highway, and from otherwise changing the natural course of surface water. There was a general finding for the defendants, and a judgment of dismissal. The petition alleges that the plaintiff is the owner of certain described land, and that along the west border thereof lies a public highway; that the defendants raised an embankment along said highway in such a manner as to change the course of surface water accumulating on the land west of the highway, so as to cause it to flow upon the lands of the plaintiff; whereas, before the embankment was constructed, such water flowed over the lands north of plaintiff's. The petition further

alleges that the defendants are about to build a culvert across the highway in such a manner as to turn the accumulated surface water from the lands to the west in a body upon plaintiff's land.

It appears that the highway in question has long been a public road, and that several years before the action was brought a fill was made of two or three feet along the highway to the west of plaintiff's land, for the purpose of improving the road. This is the embankment complained of. Its effect in diverting surface water we cannot understand from the written record, for the reason that the witnesses refer continually to certain maps in evidence, evidently accompanying their words with indications and gestures referring to maps and points thereon, but not in such a manner that they can be followed without the aid of these indications and gestures. As to this feature of the case, however, this defect in the record is not important, because we are satisfied that the petition does not in this respect state a cause of action. It is not alleged that the embankment was not a necessary or a proper improvement of the highway. It is not alleged that there was any negligence in the design or manner of its construction. It is not even alleged that the effect of the embankment is to accumulate surface water upon other lands and discharge it in a body on the lands of the plaintiff. It is merely alleged that the embankment has diverted the natural flow of surface water so as to turn it over plaintiff's lands. On this state of facts the rule established in *Morrissey v. Chicago, B. & Q. R. Co.*, 38 Neb., 406, is directly applicable, and a reference to that case avoids the necessity of further discussion.

The latter part of the petition, charging the purpose to construct a culvert which will discharge accumulated surface waters in a body on plaintiff's lands, presents a somewhat different question. The evidence tends to show that a creek flows through the south part of plaintiff's land. The natural surface of the land rises from

the creek for about 200 feet and then gradually falls to a point near plaintiff's northwest corner, from which point it again rises toward the north. The embankment or fill in the highway crosses this depression or basin in the surface of the land. It operates as a sort of a dam, the water flowing both from the north and from the south to this low point, where it accumulates to the west of the highway. It also appears that the 'depression is such that if a ditch were constructed along the west side of the road to the creek, instead of draining this accumulated surface water into the creek, the grade is such that the ditch would empty the creek into the basin referred to. In this state of affairs the water rises so as to cover the highway at the lowest point; and it is the purpose of the commissioners to avoid this inconvenience by placing a culvert at the low point, which would permit the water to flow beneath the highway and upon plaintiff's lands. It is needless to say that such an act by a private proprietor would be unlawful, and that relief could be had against it (*Jacobson v. Van Boening*, 48 Neb., 80, and cases there cited); but this work is to be done by the county for the improvement of a highway, for the purpose of constructing and maintaining which it enjoys the power of eminent domain. It is not alleged that the culvert is not a proper or necessary work for the purpose of maintaining the highway in proper condition for travel. There can be no doubt that when the highway was first opened the culvert might have been put in, notwithstanding any injury it would cause the plaintiff, the only condition in inflicting such damage upon him being that just compensation should be paid him therefor. It is now the settled law of the state that for all injuries which may arise on account of the proper construction or future operation of an improvement, an adjoining proprietor must be compensated in the original condemnation proceedings. (*Omaha & R. V. R. Co. v. Moschel*, 38 Neb., 281; *Omaha S. R. Co. v. Todd*, 39 Neb., 818; *Fremont, E. & M. V. R. Co. v. Bates*, 40 Neb., 381; *Chi-*

*cago, B. & Q. R. Co. v. O'Connor,* 42 Neb., 90.) In *Omaha S. R. Co. v. Todd, supra,* it was said: "In an inquiry whether; and how much, the part of a farm not taken for railroad right of way is depreciated in value by the appropriation of a part, evidence as to the size of the farm; the purpose for which it is used; the improvements thereon, and how located; the direction of the road across the farm; the cuts and fills made or to be made in the construction of the road; the width of the right of way; the height of embankments; the depth of ditches; the inconvenience of crossing the track from one part of the farm to another; the liability of stock being killed; the danger from fire from passing trains, are all facts competent for the jury's consideration in determining the depreciation in value of the remainder of the farm." The cases are all those of railroads; but the same principles govern the exercise of the right of eminent domain by counties or municipalities, in the absence of qualifying statutes. The effect of the cases is that in assessing damages for the construction of a railroad, the jury has in view all facts affecting the value of the land which may arise from the proper construction and operation of the railroad,—not merely in the manner in which it may be first constructed, but for any proper and appropriate extensions or improvements, so long as the original use is not changed. So with a highway. The owner of adjoining lands is entitled to compensation not only for such injuries as might result from the use of the land appropriated in its natural state, but for all which would result from a proper construction, improvement, and maintenance of the highway, taking into consideration such embankments, cuts, bridges, culverts, and ditches as shall be required or warranted for the purpose of a proper construction and maintenance. Applying these principles to the present case, it would seem that the fill and culvert are not only a proper, but apparently a necessary improvement, for the purpose of properly maintaining the highway; and while, if plaintiff's lands will suf-

fer an injury thereby, he was entitled to compensation therefor, it must be presumed that he received such compensation, or at least had an opportunity to receive it, when the highway was originally constructed. He is not entitled to any further condemnation proceedings. Much less is he entitled to a perpetual injunction to restrain such highway improvement.

JUDGMENT AFFIRMED.