S. F. DENNIS V. G. C. OSBORN, *as Road-overseer, et al.*
No. 14,995   (89 Pac. 925.)
SYLLABUS BY THE COURT.

1. HIGHWAYS—*Maintenance—Powers of a Road-overseer.* A road-overseer is vested with a broad discretion as to the plan and methods of maintaining highways, and it is competent for him to grade a highway and place a culvert across it so that surface-water which comes upon the highway will pass off the same by the usual and natural course.

2. ———— *Improvements—Injunction.* An error in judgment by the road-overseer with respect to the plan of improving a highway, adopted in good faith, will not of itself give a ground for enjoining the improvements.

3. ———— *Reasonableness of Official Conduct—Rights of Private Owner.* The officers must act with reason and prudence in making such improvements, and cannot collect a considerable quantity of water and unnecessarily and unreasonably throw it in a body upon the land of a private owner to his injury. But *held,* that the testimony in this case does not show that the proposed improvement will cast the water upon plaintiff's land in such a manner as to give him a right to maintain injunction.

Error from Lyon district court; FREDERICK A. MECKEL, judge. Opinion filed April 6, 1907. Affirmed.

*Madden & Roberts,* for plaintiff in error.
*Lambert & Huggins,* for defendants in error.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was a suit to enjoin the grading of a highway and the building of a culvert across it, which it was alleged would result in throwing water upon plaintiff's premises to his serious injury. The highway in question is laid over a rolling prairie country and across a slight depression, at which point it was proposed to put a culvert. The plaintiff's farm is situated on one side of the road and the depression extends across his land. On the other side of the road is a slope or watershed of eight or nine acres, from which the rain and melting snows pass over the road and down the depression on plaintiff's land. Some time before this controversy arose plaintiff had been a road-overseer, and he then built an embankment in the road across the depression and thus attempted to divert the accumulating water around his farm. The plan was not a success, owing to a ridge beyond the depression, and it operated to hold the water and injure the road. The township authorities, finding that the road needed repair, were proceeding to grade the road and replace an old culvert with a new and larger one, and in doing so to remove the embankment across the depression, and thus let the surface-water take its natural course across plaintiff's land. After hearing the testimony the court denied the injunction.

The depression has none of the features of a watercourse, and hence the rules governing watercourses have no application. It appears that the improvement of the road was necessary and that the plan proposed is the one ordinarily used in road-making. As was held in *Shanks v. Pearson*, 66 Kan. 168, 71 Pac. 252, road-overseers are vested with a broad discretion as to the manner of repairing highways, and, although such discretion cannot be arbitrarily or dishonestly exercised, courts will not interfere with their discretion where

there is an absence of fraud or wrongful purpose. An error in judgment with respect to a plan for repairing a highway, adopted in good faith, of itself gives no ground for enjoining the improvement. The road-overseer in this case had a right to grade the road, and in order to take care of the water that might accumulate from the ·fall of rain or snow it was necessary and proper to build a culvert. Under the common-law rule the public, as well as a private owner, may protect itself against surface-water. As was said in *Gibbs v. Williams*, 25 Kan. 214, 37 Am. Rep. 214, "the ordinary rule concerning surface-water is settled and familiar; the lower estate owes no duty to the higher, and the owner of each may use or abandon surface-water as he pleases." (Page 216.) The public has the right to have the surface-water which comes naturally upon the highway pass off the same by the usual and natural course. (*Graham et al. v. Keene*, 143 Ill. 425, 32 N. E. 180.) The natural outlet is down.the depression on plaintiff's land. The improvement proposed will not divert the course nor make a new outlet for the water. It will not increase the flow, nor impose a greater burden upon plaintiff's land than it bore before the highway was established. Indeed, the plan appears to be the natural method of road-building through an undulating country—making grades in the depressions and putting in culverts so that the surface-water may pass on to the lower lands by the natural outlets.

No sound objection could have been made to the placing of the original grade and culvert in the highway, and no good reason is seen why the township authorities may not put the road in a passable condition by the construction of a new grade and a new culvert. The officers must act with care and reason in the exercise of the right to make the improvement, and cannot collect considerable quantities of water and unnecessarily and unreasonably dump it on the land of a private owner to his injury. There can be no claim of

wantonness on the part of the officers in question, nor that they have a purpose to injure the plaintiff. The improvement appears to have been undertaken by a method in general use, and with reasonable care. It does not appear that the change of grade and the placing of the culvert would throw any considerable body of water upon plaintiff's land. The length of the culvert is not shown, and it does not appear that, as planned, it would extend to plaintiff's land nor that the water passing through it would be thrown in a body directly upon his land. The watershed is limited; no pools, swamps or mashes are to be drained through the culvert, and except in times of freshets or heavy rains the quantity of water which will flow through it will not be great. From all that appears such water as will pass through the culvert may spread out over plaintiff's land so that the injury to him will be inconsequential. He should not be permitted to interfere with necessary public improvements unless water is negligently thrown upon his land in such form and quantity as to constitute a trespass.

In *Churchill v. Beethe,* 48 Neb. 87, 66 N. W. 992, 35 L. R. A. 442, a landowner undertook to enjoin the building of a culvert across a highway, alleging that it would turn the surface-water out of its usual course and in a body upon his land. In deciding the case the court said that such an act by a private proprietor would not be lawful, but held that a municipality might make a needed improvement to a highway in that way without liability to an adjoining proprietor, upon the theory that the damages allowed when the highway was opened covered the injuries arising from all cuts, fills, ditches and culverts proper construction and maintenance might require. The rule, as stated in the syllabus of the opinion, is:

"An action will not lie to enjoin a county from constructing a culvert across a highway, when such culvert is reasonably necessary to a proper maintenance of the

Dennis v. Osborn.

road, damages consequent from such construction being presumed to have been satisfied when the highway was opened."

In the second edition of Elliott on Roads and Streets, section 465, it is said:

"Where an owner of land dedicates it to the public for a road or street he impliedly grants the appendant right to make such a use of it as shall suitably fit it for travel; and where land is seized under the power of eminent domain compensation is measured upon the theory that the officers representing the public may so prepare and maintain it that the public may safely and conveniently use it as a passageway." (See, also, *Champion v. The Town of Crandon*, 84 Wis. 405, 54 N. W. 775, 19 L. R. A. 856; *Highway Commissioners v. Ely*, 54 Mich. 173, 19 N. W. 940.)

In the exercise of the discretion vested in the road-overseer as to plans and methods for repairing the highway it was competent for him to remove the embankment built in the highway, but of course the plaintiff is at liberty to protect himself by building a dam on his own land which will obstruct the flow of the water or turn it in another direction. (*Mo. Pac. Rly. Co. v. Keys*, 55 Kan. 205, 40 Pac. 275, 49 Am. St. Rep. 249.) From the testimony in the case it cannot be said that the decision of the court refusing an injunction is without support.

The judgment is affirmed.

BURCH, MASON, SMITH, PORTER, GRAVES, JJ., concurring.

GREENE, J. (concurring specially) : I concur in the opinion, but do not give my assent to the law as stated in *Churchill v. Beethe*, 48 Neb. 87, 66 N. W. 992, 35 L. R. A. 442.