W. M. FRYAR *v.* HAMILTON COUNTY *et al.*\*

(*Nashville.* December Term, 1929.)

Opinion filed December 21, 1929.

*Corpus Juris-Cyc References: Highways, 29CJ, section 320, p. 592, n. 14.

MURRAY, VANCE & GRUBB, for plaintiff in error.

WILL F. CHAMLEE, for defendant in error.

MR. JUSTICE COOK delivered the opinion of the Court.

Plaintiff in error sued Hamilton County, the County Superintendent of Roads, and the County Highway Commission for damages to his land caused by overflow

of surface water from ditches and drains along the highway. He stated in the declaration that it was the duty of defendants to maintain the road and set forth their failure to keep open and in repair the ditches and drains where it passed near his property, causing the water to concentrate in unusual quantities along the east boundary of his land where it was discharged, flooding the land and impairing the use of his buildings.

It was charged that the Superintendent of Roads and members of the Highway Commission knew of the defective condition of the ditches and by their negligent omission of duty the officials and the County created and maintained a nuisance to the injury of plaintiff's property.

The theory upon which the declaration proceeds is that the defendants negligently created and maintained a situation along the highway that constituted a nuisance. The facts presented by the declaration disclose a failure to keep open ditches and drains which are an adjunct to the road, and not separate from it. The facts shown in the declaration do not bring the case within the rule of *Chandler* v. *Davidson Co.,* 142 Tenn., 266. See, also, *Carothers* v. *Shelby Co.,* 148 Tenn., 186. At most the declaration charges an omission of duty, or act of nonfeasance.

The County demurred to the declaration, saying it is not liable for the tort of its officials, and further because the construction and maintenance of roads is a governmental function delegated by the State, and there being no statute authorizing suit against the County, plaintiff cannot maintain his action for a wrongful act arising from an exercise of the power delegated to it by the State.

The other defendants, by their demurrer, challenge the sufficiency of the declaration upon the ground that they were serving the County, an attribute of the State, as County officials clothed with discretionary powers necessary to promote the government enterprise of making and maintaining roads and that they are not liable at the suit of the plaintiff for neglect of official duty, or mere acts of nonfeasance.

In the establishment and maintenance of roads, the County was exercising functions of the sovereign, delegated by the State, and is not liable for the alleged injury. See *Woods* v. *Tipton Co.*, 7 Baxt., 112; *Carothers* v. *Shelby Co., supra; Vance* v. *Shelby Co.*, 152 Tenn., 141.

The other defendants, County officials, are charged with the duty of supervising the roads for the County and are not liable for the consequences of mere acts of nonfeasance in connection with that duty in the absence of wilful misconduct or facts from which such misconduct may be imputed. *Hale* v. *Johnson*, 140 Tenn., 197.

If it be said the duties of the Highway Commission and Road Superintendent were purely ministerial, they would only be liable upon a showing of negligent failure to perform a positive duty imposed by law.

The act of negligence charged against the County officials was failure to maintain the ditches along the County road so as to prevent the concentration and discharge of excessive quantities of surface water. While it is charged that the defendant officials had actual notice of the conditions complained of, it does not appear that their failure to keep the ditches open was through wilful neglect of duty. It may be that the County failed to provide sufficient funds to maintain the roads or this particular road.

 It cannot be inferred from the mere failure to exercise a power that public officials charged with the duty to exercise it, wilfully neglected their duty. Their wilful misconduct or wilful omission to perform must affirmatively appear, without which no right of action would lie against them. *Board of Education* v. *Ray,* 154 Tenn., 180; *Vance* v. *Hale,* 156 Tenn., 389. This fact essential to establish their liability does not appear in the declaration either affirmatively or by reasonable inference.

The trial judge sustained the demurrers and his judgment is affirmed.