BINKLEY *v.* HUGHES *et al.*

(*Nashville*, December Term, 1933.)

Opinion filed May 31, 1934.

HUGH L. CLARKE, of Brownsville, and WATKINS & WATKINS, of Ripley, for plaintiff in error.

STEELE & STEELE, of Ripley, for defendants in error.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

The plaintiff instituted this suit against the defendants, road commissioners of Lauderdale county, both officially and personally, to recover damages for the wrongful death of her intestate, which occurred when

a truck which he was driving on one of the highways in said county broke through a bridge precipitating him into the stream underneath. The declaration avers that it was the duty of defendants to keep said bridge in repair; that they knew of its unsafe and dangerous condition, and willfully, negligently, and carelessly failed to repair same, or to in any manner warn the public of its unsafe and dangerous condition; and that defendants had the material and money necessary to put said bridge in a safe condition. The declaration does not aver that defendants committed any positive or specific act that caused the injury, but the wrong complained of is simply one of passivity or inaction, a failure to perform a duty devolved upon them by law.

The trial court sustained a demurrer to the declaration and dismissed the suit, and plaintiff has appealed to this court and has assigned errors.

The county was not sued, and it is conceded that it is in no wise liable for the injury complained of, for the reason that the county in the establishment and maintenance of roads and bridges, was exercising the functions of sovereignty.

For the same reason the commissioners are not liable in their official character. *Carothers* v. *Shelby County*, 148 Tenn., 185, 253 S. W., 708; *Fryar* v. *Hamilton County*, 160 Tenn., 216, 22 S. W. (2d), 353.

In 29 Corpus Juris, 567, it is said: "Being governmental agencies, highway boards or commissioners, as such, are not ordinarily liable in tort."

A judgment against the defendants, as officials, would be valueless because they own no property with which to satisfy a judgment. Such commissioners are

personally liable to a third party where the latter is injured as a result of some act of misfeasance committed by them. For example, if the commissioners, acting officially, should dig a ditch from the highway onto the premises of an adjoining landowner so as to drain the water from the road onto such land whereby it was damaged, the commissioners would be personally liable for such wrongful act. This court, however, is committed to the general rule that, in the absence of statute for mere failure to perform an official duty, the commissioners are not liable personally to third parties. *Fryar* v. *Hamilton County, supra; Vance* v. *Shelby County,* 152 Tenn., 141, 273 S. W., 557, 559; *Hale* v. *Johnston,* 140 Tenn., 182, 203 S. W., 949; *Gamble* v. *Vanderbilt University,* 138 Tenn., 616, 200 S. W., 510, 514, L. R. A. 1916C, 875; *State* v. *McClellan,* 113 Tenn., 616, 85 S. W., 267, 3 Ann. Cas., 992; *Drake* v. *Hagan,* 108 Tenn., 265, 67 S. W., 470.

In *Gamble* v. *Vanderbilt University, supra,* it was said:

"For nonfeasance an agent is responsible to his principal only. For misfeasance he may be responsible to third parties also. Nonfeasance is doing nothing. Misfeasance 'is a failure to use in the performance of a duty owing to the individual, that degree of care, skill, and diligence which the circumstances . . . reasonably demand.' *State* v. *McClellan,* 113 Tenn., 616, 621, 85 S. W., 267, 3 Ann. Cas., 992."

The rule thus announced is sound and conforms to well-established principles conferring upon one person a cause of action against another. Actions for injuries ordinarily are based upon either contract or tort, in the ab-

sence of statute conferring redress for a particular wrong. In the instant case there were no contractual relations between plaintiff's intestate and the defendants. Defendants did not commit any tort or wrongful act resulting in injury to the deceased. In fact, they did nothing. On the other hand, in the case of digging a ditch, referred to above, the commissioners did commit a positive wrong for which they would be liable in damages to the injured landowner.

In *State* v. *McClellan, supra,* it was held that a county register and the sureties on his official bond were liable for damages resulting from his failure to register correctly a deed of conveyance of land, although his negligence was not so willful or gross as to imply willfulness. There, however, the cause of action was expressly conferred by statute.

In *Hale* v. *Johnston,* 140 Tenn., 182, 196, 203 S. W., 949, 952, it was said: "However, it is well settled in this jurisdiction that a common-law action may be maintained against a public official for misfeasance or nonfeasance in discharge of ministerial duties, if the elements of willfulness and malice are present."

We quote further from that opinion as follows: "Where the duty is absolute, certain, and imperative, and is simply ministerial, the officer is liable in damages to any one specially injured, either by his omitting to perform the task or by performing it negligently or unskillfully. On the other hand, where his powers are discretionary, and to be exerted or withheld according to his own judgment, he is not liable to any private person for a neglect to exercise those powers, nor for the consequences of a willful exercise of them, where no corrup-

tion or malice can be imputed to him, and he keeps within the scope of his authority.''

Constructing and repairing highways and bridges requires an exercise of discretion and judgment, and cannot be classed as a mere ministerial duty, such as recording a deed (*State* v. *McClellan, supra*); requiring a guardian to settle (*Boyd* v. *Ferris*, 10 Hump. [29 Tenn.], 406); seeing that the inmates of the county workhouse are kindly and humanely treated (*Hale* v. *Johnston, supra*).

In 29 Corpus Juris, 574, it is said:

''While highway officers have only such powers as are conferred by statute, yet, their functions being governmental, within the limits of the jurisdiction conferred on them by law, highway officers have a reasonable discretion; and courts will not interfere with them in the lawful exercise of such jurisdiction, unless it is abused; and it has been held that such discretion stops where absolute rights of property begin. In exercising their discretion they are not justified in acting wantonly, or maliciously, or with a clear abuse of discretion, or without any discretion at all.''

In *Wadsworth* v. *Town of Middletown*, 94 Conn., 435, 440, 109 A., 246, 248, it is said:

''Courts should not too closely scrutinize the acts of discretion on the part of the public official in the care and maintenance of highways, even though there be an erroneous exercise of discretion, when the good faith of the transaction is manifest, and the most that the situation indicates is an error of judgment.''

In *Dennis* v. *Osborn*, 75 Kan., 557, 558, 89 P., 925, 926, with respect to highway officers, the court said:

"Although such discretion cannot be arbitrarily or dishonestly exercised, courts will not interfere with their discretion where there is an absence of fraud or wrongful purpose."

In *Attorney General* v. *Bruce*, 213 Mich., 532, 182 N. W., 155, 159, the court, in approving the discretion rule, said:

"If the rule is otherwise, highway authorities who are charged with the duty of repairing a road must determine at their peril when the necessity arises, and what repairs shall be made."

In *Vance* v. *Shelby County*, *supra*, this court quoted approvingly from *Mott et al.* v. *Hull*, 51 Okla., 602, 152 P., 92, L. R. A., 1916B, 1184, as follows: "The question of the necessity for the culvert, its location, size, material, and construction would require the exercise of judgment and discretion."

■ Many authorities of similar import could be cited. Suffice it to say that, in our opinion, the determination as to the size, character, strength, and capacity of a bridge is one as to which individuals might differ, and which, therefore, calls for the exercise of judgment and discretion on the part of those charged with its construction and maintenance. For this reason, among others, the rule applied in *Hale* v. *Johnston*, *supra*, does not oppose the hypothesis that for nonfeasance in the performance of a public duty the official is not liable to third persons, and, under the definition quoted above, we cannot conclude that defendants committed any act of misfeasance.

Counsel for plaintiff insist that under the holding of this court in *Gamble* v. *Vanderbilt University* and *Vance*

v. *Shelby County* defendants were guilty of misfeasance which rendered them liable. In the first of these cases, in which injury resulted from the operation of an elevator known to be defective, the court said: "It was not merely an act of nonfeasance for which there was responsibility of the intermediate servant to the master only, as for example the failure to have the elevator repaired, but a case of actual misconduct, suffering the elevator under their control to be operated that day when they knew it was unsafe and unfit for operation."

In the second case the misfeasance consisted in tearing down a bridge, leaving a dangerous chasm without giving the traveling public warning of the dangerous situation. This dangerous condition was created by actively performing a duty in an improper manner, resulting in injury to a third party. We might add that in *Hale* v. *Johnston, supra,* the injury resulted from inflicting inhumane punishment on a prisoner, which was a positive wrong.

In *Johnson City Board of Education* v. *Ray,* 154 Tenn., 180, 289 S. W., 502, injury resulted from the falling of a ladder in the school gymnasium, and the board of education was sued upon the theory that it was their duty to employ a competent person to inspect the equipment in the gymnasium. The court held that no such duty was imposed upon the board, but added that if such duty was imposed the board *might* be liable. This statement was predicated upon the idea that if employing an inspector was a ministerial duty liability would follow. This was a mere suggestion and was not intended as a part of the decision, since that question was not involved.

In *Fryar* v. *Hamilton County, supra,* it was stated

that a willful omission to perform a duty would render the officials liable. That observation had reference to cases of misfeasance or to those involving the performance of ministerial duties. So far as we are aware this court has never held that the mere failure to perform a public duty, involving the exercise of discretion, rendered the official liable to a third party for a resulting injury, and we could not so hold without overruling numerous cases referred to herein.

Affirmed.