DWIGHT A. DAVIS, a citizen and resident of Fentress County, Tennessee, suing as the Administrator of Dwight A. Davis, Jr., Appellant,

*v.*

SCOTT COUNTY, TENNESSEE, Appellee.

439 S.W.2d 102.

(*Knoxville,* September Term, 1968.)

Opinion field March 12, 1969.

Petition for Rehearing Denied April 3, 1969.

560

MADDUX, CAMERON & JARED, Cookeville, for appellant, C. ARNOLD CAMERON, T. EUGENE JARED and WILLIAM A. CAMERON, Cookeville, of counsel.

CLIFTON SEXTON, Oneida, and ARZO CARSON, District Attorney General, Huntsville, for appellee.

MR. JUSTICE CHATTIN delivered the opinion of the Court.

Appellant, Administrator of the estate of Dwight A. Davis, Jr., Deceased, recovered a judgment in the Circuit Court of Fentress County, Tennessee, for the wrongful death of Dwight A. Davis, Jr., against Scott County and its employee, Henry Clay Lay, for $50,000.00 on April 14, 1964.

A certified copy of the judgment is exhibited to the bill filed in this cause and provides in part as follows.

"It further appears to the court that the truck registered in the name of the defendant, Scott County, a body politic, was being used in a governmental capacity, and therefore, governmental immunity is waived to the extent of the amount of liability coverage afforded to the said Scott County on the vehicle involved in the accident, which was the basis of the suit."

The bill was filed on June 28, 1968, and set forth the foregoing facts, and then alleged:

"The said Henry Clay Lay died prior to the trial of said suit, and his estate was hopelessly insolvent and no recovery was ever made on said judgment out of

said estate. The sum of $5,000.00 was paid on said judgment on or about July ———, 1964, by the liability insurer for the defendant, Scott County, Tennessee, that being the extent of the liability policy in effect on the vehicle of Scott County, Tennessee, involved in said accident. No other payment has ever been made on said judgment, and there is presently due thereon the sum of $45,000.00, plus interest from June 24, 1964, that being the date of the overruling of the defendant's motion for a new trial.

"That from and after the date of said judgment the defendant, Scott County, Tennessee, had claimed its governmental immunity from tort liability in excess of the liability insurance coverage afforded, and has continued to claim such immunity up to the date of filing this bill, and has made no further payments on said judgment. At the time of rendition of said judgment, complainant was advised, and believed, that the truck of Scott County, Tennessee, was engaged in the regular governmental road uses for said county, and that because of the same, there was no liability on the part of the defendant, Scott County, Tennessee, over and above this liability insurance coverage. Recently, however, complainant has learned that at the time of the accident giving rise to the above mentioned judgment, the truck in question was operating in furtherance of a contract with Scott County, Tennessee, had entered into with the State of Tennessee, Department of Highways. Said contract was entered into on May 24, 1961, between Scott County, Tennessee, by and through its Superintendent of Roads, one Carl Rector, and the State of Tennessee, Department of Highways, by and through its Commissioner, D. W. Moulton. Said con-

tract was entered into pursuant to the provisions of Chapter 46, Public Acts of 1955, being 54-607 to 54-613, both inclusive, and called for a consideration, for the construction of approximately 1.6 miles, to Scott County, Tennessee, in the amount of $8,970.90. Complainant avers that one of the main reasons, if not the only one, for which the defendant, Scott County, Tennessee, entered into said contract was for the making of a profit for the County. By 54-612, Tennessee Code Annotated, the contract was negotiated between the parties based on unit prices established by the Highway Department of the State of Tennessee, which prices enabled Scott County, Tennessee, to realize as profit the difference between said unit prices and its actual cost of performing the work.

"Complainant is advised, and therefore charges, that when Scott County, Tennessee, entered into said contract with the State of Tennessee, Department of Highways, it effectively waived its governmental immunity from court liability, and that while engaged in the furtherance of said contract, it was operating purely in a proprietary capacity. Furthermore, by the terms of said contract, the defendant, Scott County, Tennessee, agreed to assume all responsibility for tort liability and to save the State of Tennessee harmless from any suits, actions or claims of any character brought for, on or account of, any injuries or damages received or sustained by any person growing out of any action or actions of the county in the conduct of the work, or by any neglect of the county in safeguarding the construction; thus placing the county voluntarily in a position, as respects the State of Tennessee,

. Department of Highways, of an independent contractor.''

The prayer of the bill was for a decree for $45,000.00 with interest from June 24, 1964.

Scott County filed a demurrer to the bill. The Chancellor sustained the demurrer on the ground of governmental immunity and dismissed the suit.

Complainant has perfected an appeal to this Court and assigned as error the following:

"It was error for the Chancellor to sustain defendant's demurrer and to hold that Scott County, Tennessee, in this case was immuned from liability for the tort of its agent, who, at the time, was engaged in the furtherance of a county function which was clearly proprietary in nature, and to dismiss complainant's bill for that reason."

We are of the opinion this assignment is without merit and overrule it and affirm the decree of the Chancellor.

It is well settled in this State the construction and maintenance of county roads is a governmental function delegated by the State. *Fryar v. Hamilton County,* 160 Tenn. 216, 22 S.W.2d 353 (1929).

"In Tennessee, territorially and politically, counties are integral parts of the State. They are created for civil administration, in keeping with the policies of the State, and with such powers as may be delegated and conferred upon them, and they serve as agencies of the State for the purposes specified, subject to such liabilities only as are imposed upon them by law."

*Metro. Gov. Nashville v. Allen,* 220 Tenn. 222, 415 S.W.2d 632 (1967).

■ The alleged contract was entered into pursuant to T.C.A. Section 54-612. That statute does not impose any liability upon a county for the negligent acts of its employees.

■ ■ Furthermore, the bill shows on its face it is a collateral attack upon a judgment which complainant insists is erroneous in one aspect.

"On collateral attack upon a judgment or decree of a court of general jurisdiction by parties or privies thereto, such judgment or decree cannot be questioned except for want of authority over the matters adjudicated upon; and this want of authority must be found in the record itself. In the absence of anything in the record to impeach the right of such a court to determine the question involved, there is a conclusive presumption that it had such right. *Reinhardt v. Nealis,* 101 Tenn. 169, 46 S.W. 446 (1898)." *Wilkins v. McCorkle,* 112 Tenn. 688, 80 S.W. 834 (1904).

There can be no doubt the Circuit Court of Fentress County had jurisdiction to determine whether Scott County was immunized as a matter of law from suit for the negligent acts of its employees.

The decree of the Chancellor is affirmed. Complainant will pay the costs.

BURNETT, CHIEF JUSTICE, and DYER, CRESON and HUMPHREYS, JUSTICES, concur.

## ON PETITION TO REHEAR.

A petition to rehear has been filed on behalf of Davis. The petition shows on its face our original opinion was announced on March 12, 1969, and the petition to rehear was filed on March 24, 1969.

■ Rule 32 of this Court requires all petitions for rehearing to be presented within ten days after the opinion in the case is announced. Accordingly, the petition comes too late.

The petition is denied.