**Bessie Morgan HOLLYFIELD, Plaintiff-Appellant,**

v.

**George PAPANTONIOU, Defendant-Appellee.**

Court of Appeals of Tennessee, Eastern Section.

July 6, 1979.

Permission to Appeal Denied by Supreme Court Sept. 17, 1979.

Dan M. Laws, Jr., Elizabethton and Walter Lee Davis, Jr., Johnson City, for plaintiff-appellant.

Rowland E. Verran, Johnson City, for defendant-appellee.

OPINION

FRANKS, Judge.

This appeal presents the issue of whether the failure to give notice of claim to a governmental entity (county), as required under the Governmental Tort Liability Act, is a bar to a suit against an employee (sheriff), when the entity is immune from liability for the alleged cause of action.

On August 6, 1977, defendant, in his capacity as sheriff, executed a search warrant at plaintiff's home. Plaintiff alleges defendant inflicted injury upon her in the course of executing the warrant. She sued on theories of battery, false imprisonment and "official oppression."

Defendant's answer admitted the execution of the warrant but denied any wrong-

doing and, by motion to dismiss, he raised the failure to give notice to the county mandated by *T.C.A.*, § 23–3314 and the defense of immunity for official acts. Plaintiff's counsel stipulated Carter County was covered by the Government Tort Liability Act, that no notice of the type required by the Act had been given, and the defendant was an "employee" within the meaning of *T.C.A.*, § 23–3302.

The trial court sustained the motion on the ground that the absence of notice barred the suit as provided in *T.C.A.* § 23–3315. The second ground of the motion was not acted upon by the court.

On appeal, plaintiff insists the trial court erred because defendant was sued in his individual capacity only while the Act relates solely to suits against enumerated governmental entities.

Defendant asserts as a defense *T.C.A.* § 23–3313, which reads:

23–3313. *Claim for injury—Notice.* Any person having a claim for injury to person or property against a governmental entity or its employee must give written notice, as provided for in § 23–3314, to said governmental entity as a condition precedent to any recovery from said governmental entity or employees.

Facially, this provision relates both to suits including the employing governmental entity and to those against employees as individuals. However, when this section is read in context with the other sections of the Act, we conclude that notice is not required in a suit against an employee where the governmental entity is immune.

*T.C.A.*, § 23–3311, the operative provision of the Act, removes the immunity of governmental entities for any "negligent act or omission of any employee within the scope of his employment." However, among the specific exceptions to removal of immunity are claims for injuries which "[arise] out of false imprisonment . . ., false arrest, malicious prosecution, [and] intentional trespass . . ."

The Act does not authorize recovery for most intentional torts, including battery and false arrest. The only possibility of recovery in these situations is by suit against the individual tort feasor, which is the approach taken by the plaintiff in this suit. Since the governmental entity, the county, was and still is fully immune to this type of suit, no reason exists to require compliance with the provisions of the Act for causes of action which are specifically excepted from its scope.

Further support for this conclusion is found in *T.C.A.*, § 23–3314, which outlines the actual notice procedure, and § 23–3315, which sets out the consequences of failure to give notice. *T.C.A.*, § 23–3314 states:

A claim *against a governmental entity* shall be forever barred . . . unless notice thereof is filed within one hundred twenty (120) days after the cause of action arises . . .." [Emphasis supplied.]

No mention is made of claims made solely against an individual employee in this section. The required notice is to be given to the governmental entity, which requirement does not extend to the individual employee. Moreover, *T.C.A.*, § 23–3315 states:

Failure to comply fully with the notice requirements of this chapter shall be a valid and complete defense to any liability of a governmental entity which might otherwise exist by virtue of this chapter.

Nowhere in the Act is it stated that an individual employee is entitled to assert the notice defense.

The rationale for the notice requirement is implied in *T.C.A.*, § 23–3314 and is to provide the governmental entity with sufficient information to apprise itself of the circumstances concerning an allegedly tortious incident for trial or settlement purposes. This is a further indication that the notice provision in the Act applies only to claims involving governmental exposure.

The privilege defense raised by defendant in his answer and the motion to dismiss was not decided by the trial court. Since the allegations of the complaint fall within one or more of the eight exceptions contained in *T.C.A.*, § 23–3311, the validity of this defense involves issues of fact and law for

determination by the trial court. *See Binkley v. Hughes,* 168 Tenn. 86, 73 S.W.2d 1111 (1934); *State ex rel. Robertson v. Farmers State Bank,* 162 Tenn. 499, 39 S.W.2d 281 (1931); *Hale v. Johnston,* 140 Tenn. 182, 203 S.W. 949 (1918).

We reverse the dismissal of this case and remand to the trial court for further proceedings consistent with this opinion. Costs incident to the appeal are assessed against defendant.

PARROTT, P. J. (E. S.), and GODDARD, J., concur.