Donald Austin ADKINS and Ann Leclair Adkins, Plaintiffs-Appellants,

v.

J.D. McCARTT, individually and as Chief Administrative Officer of Morgan County and/or the Morgan County Road Commission, and Russell Barnette, individually and as Morgan County Road Supervisor, and Wiley Summers, Clayton Howard, Everett Galloway, individually and as Commissioners of the Morgan County Road Commission, Roy Newberry, Floyd King, Carl Robbins, individually and as Regional Rural Roads Engineers of the Tennessee Department of Transportation, Defendants-Appellees.

Court of Appeals of Tennessee,
Eastern Section.

Aug. 14, 1986.

Permission to Appeal Denied by
Supreme Court Jan. 20, 1987.

**628**

Harry Wiersema, Jr., Knoxville, for plaintiffs-appellants.

Dodson, Harris, Robinson & Aden, Nashville, for J.D. McCartt, Russell Barnette, Wiley Summers, Clayton Howard and Everett Galloway.

Arnett, Draper & Hagood, Knoxville, for Roy Newberry.

Frank L. Flynn, Jr., Pryor, Flynn, Priest & Harber, Knoxville, for Floyd King.

Reggie E. Keaton, Frantz, McConnell & Seymour, Knoxville, for Carl Robbins.

## OPINION

FRANKS, Judge.

In plaintiff's action for personal injuries, allegedly caused when his vehicle struck a depression in a public road, plaintiff appeals orders of dismissal and summary judgment entered on behalf of three engineers employed by the Tennessee Department of Transportation and several Morgan County employees and officials.

The complaint alleged a construction contract was entered between the Morgan County Road Commission and the State of Tennessee, providing a road project would be constructed in accordance with the specifications of the Tennessee Department of Transportation. It was further alleged "a ditch or trench was cut completely across the public roadway by the defendants, jointly and severally" to install a drainage pipe from one side of the road to the other but that the trench was only partially filled, "leaving a drop off from the pavement about two feet wide and from six to twelve inches deep, and said ditch was left in said dangerous condition for several weeks."

The Morgan County Road Commission was charged with failing to provide warning signs and barricades or temporary signals at the site and in undertaking the project when it knew or should have known that it lacked tamping or compacting devices necessary for the project. Further, the road commission had agreed in the contract to "assume all responsibility for ... any ... claims of any character brought on account of any injuries or damages received or sustained by any persons ... or property growing out of any action or actions of the county in the conduct of the work...."

Defendant McCartt was named "individually and/or in his capacity as County Judge and/or chairman of the Morgan County Quarterly Court and/or chairman and/or de facto chairman of the Morgan County Road Commission and/or chief administrative officer of the Morgan County Road Commission." The complaint alleged McCartt was negligent in serving as chief administrator of the Road Commission without the necessary training or experience required by T.C.A., § 54–1004 [now § 54–7–104]; failing and refusing "to purchase barricades, smudge pots, blinking lights and other warning devices," and tamping equipment, and hiring as supervisor Russell Barnette "knowing ... [he] did not have the adequate training to properly supervise and safely construct county highways."

Barnette, supervisor of the Morgan County Road Commission, was alleged to have "accepted this position although he knew or should have known that he did not have the qualifications, training or experience to adequately fill the position." He was specifically charged with permitting the cutting of ditches and installation of pipe without the proper tamping equipment or the placement of warning devices, thus creating a "nuisance" and a condition that was manifestly dangerous. Defendants, Summers, Howard and Galloway were named as members of the Morgan County Road Commission and were alleged to have been negligent in failing or refusing to purchase tamping equipment or warning devices, hiring or participating in the hiring of unqualified supervisors, and allowing McCartt to function as chief administrative officer of the road commission "knowing that he did not meet the qualifications provided by Tennessee Code Annotated 54–1004...." and contracting with the state knowing construction of the road would require the installation of drain tiles when the county was not equipped to warn mo-

torists of hazards arising from the installation.

Defendants Newberry (deceased and dismissed from this cause by order of this court entered June 3, 1986), King and Robbins, were named as Regional Rural Roads Engineers for the Division of Rural Roads of the Tennessee Department of Transportation and were alleged to have been responsible for supervising the project and negligent in failing to ascertain whether McCartt was qualified to supervise the project, failing to "properly train, supervise, and instruct" other defendants in the safe and proper method of installing cross-drains and allowing themselves to be "pressured" into constructing the drainage ditch when this was "not in accord with sound highway construction practice...."

## THE REGIONAL RURAL ROAD ENGINEERS OF THE TENNESSEE DEPARTMENT OF TRANSPORTATION.

The trial judge granted summary judgment to King and sustained Robbins' motion to dismiss.

■ King's motion and supporting affidavit asserted the lack of any duty as to plaintiffs to train or supervise Bernard Wojtasiak, another defendant,[1] who allegedly supervised the resurfacing of the highway. Plaintiffs did not respond to the summary judgment by affidavit or otherwise, as required by T.R.C.P., Rule 56.05.

The motion and supporting affidavits filed on behalf of King established he was not responsible for the planning or execution of the road project. In the absence of any response by plaintiffs establishing a genuine issue of material fact, the trial court's granting of summary judgment was appropriate.

The complaint was dismissed against Robbins for failure to state a cause of action. The trial judge did not give any specific reasons for the dismissal.

The initial question is whether Robbins is immune under T.C.A., § 20–13–102(a), which provides:

No court in the state shall have any power, jurisdiction, or authority to entertain any suit against the state, or against any officer of the state acting by authority of the state, with a view to reach the state, its treasury, funds, or property, and all such suits shall be dismissed as to the state or such officers, on motion, plea, or demurrer of the law officer of the state, or counsel employed for the state.

■ The burden was upon defendant to establish the position of regional rural roads engineer is an "officer of the state" within the meaning of the above statute. Characteristics of an "officer of the state" are the position was created by the Constitution or statute and the position is a continuing one where the holder exercises some portions of the sovereign power and independence beyond that of employees. *See Loring v. McGinness*, 163 Tenn. 543, 44 S.W.2d 314 (1931); *Cross et al. v. Fisher et al.*, 132 Tenn. 31, 177 S.W. 43 (1915); *Prescott v. Duncan*, 126 Tenn. 106, 148 S.W. 229 (1912). The record indicates Robbins is a contract employee and not an officer for immunity purposes.

■ Robbins further contends the Board of Claims procedures set forth in T.C.A., § 9–8–101 *et seq.*, provide the exclusive remedy for the claim. T.C.A., § 9–8–207[2] vests the Board of Claims with power to hear and determine claims arising from "acts or omissions of any officers, members or employees of the state...." The statute further provides that awards made under this section "shall be paid out of the general highway fund in the case of claims arising from the acts or omissions of employees or officers of the department of transportation...." To the extent that appellants' suit against Robbins is one

---

1. This defendant was alleged to be a "Regional Roads Supervisor of the Tennessee Department of Transportation" and was dismissed from the action pursuant to T.R.C.P., Rule 41.01.

2. This statute was repealed by Acts 1984, ch. 972.

"against the state", the Board of Claims procedure plainly is the exclusive remedy.

■ Plaintiffs also sued Robbins individually. Since he is not an "officer" for immunity purposes, a suit against him in his individual capacity may be maintained so long as the allegations against him are not advanced for the purpose "to reach the state"; however, in this connection, *see* T.C.A., § 20–13–102.[3]

## THE MORGAN COUNTY OFFICIALS.

The gravamen of the complaint against the county officials is they failed to purchase the proper tamping equipment for the road project, failed to place or cause to be placed warning lights or other signal devices at the site of construction, and hired a supervisor who allegedly lacked the requisite training for the job. Further, the commissioners negligently allowed McCartt to function as a chief administrative officer of the county road commission knowing he lacked qualifications for the job, as required by statute.

The general rule governing the liability of county commissioners is stated in *Binkley v. Hughes,* 168 Tenn. 86, 88–9, 73 S.W.2d 1111 (1934):

Such commissioners are personally liable to a third party where the latter is injured as a result of some act of misfeasance committed by them. For example, if the commissioners, acting officially, should dig a ditch from the highway onto the premises of an adjoining landowner so as to drain the water from the road onto such land whereby it was damaged, the commissioners would be personally liable for such wrongful act. This court, however, is committed to the general rule that, in the absence of statute for mere failure to perform an official duty,

the commissioners are not liable personally to third parties.

This rule was further explicated in *Hale v. Johnston,* 140 Tenn. 182, 197, 203 S.W. 949 (1918):

[P]ublic officials, who owe the performance of a ministerial duty to a particular individual, are liable to one injured as the proximate result of their nonfeasance or misfeasance in the performance of such duty. Where the duty is absolute, certain, and imperative, and is simply ministerial, the officer is liable in damages to any one specially injured, either by his omitting to perform the task or by performing it negligently or unskillfully. On the other hand, where his powers are discretionary, and to be exerted or witheld according to his own judgment, he is not liable to any private person for a neglect to exercise those powers, nor for the consequences of a willful exercise of them, where no corruption or malice can be imputed to him, and he keeps within the scope of his authority.

"Misfeasance" has been defined as " 'a failure to use in the performance of a duty owing to the individual, that degree of care, skill, and diligence which the circumstances ... reasonably demand.' " *Gamble v. Vanderbilt University,* 138 Tenn. 616, 637, 200 S.W. 510 (1917), while "nonfeasance" has been defined simply as "doing nothing". *Id. Also see Fryar v. Hamilton County,* 160 Tenn. 216, 219, 22 S.W.2d 353 (1929).[4]

■ Essentially, with respect to the road commissioners, the complaint alleges a breach of discretionary duties or instances of nonfeasance. Failure to purchase equipment not explicitly required by statute is neither the breach of a ministerial duty nor an act of misfeasance, but mere nonfeasance for which the commission may

---

**3.** The Board of Claims statute, as recently amended, authorizes the board "to pay final judgments for state employees ... for any damages, including interest thereon, which are awarded in a final judgment in a civil lawsuit against the employee in a court of competent jurisdiction...." T.C.A., § 9–8–112(a) (Supplement 1985).

**4.** County officials "are charged with the duty of supervising the roads for the county and are not liable for the consequences of mere acts of nonfeasance in connection with that duty in the absence of willful misconduct or facts from which such misconduct may be imputed." 160 Tenn. 219, 22 S.W.2d 353.

not be held individually liable. The same is true of alleged "hiring of supervisors who did not qualify to properly supervise such highway construction...." The complaint fails to allege the breach of a statutory or common law duties by the commissioners but rather alleges the breach of discretionary duties.

The complaint's allegations of negligence against J.D. McCartt include the failure to purchase warning devices and tamping equipment and the hiring of an allegedly unqualified supervisor. It also asserts McCartt "knew or should have known" such acts or omissions posed "an unreasonable risk of serious bodily harm."

■ The failure to purchase equipment is clearly an act of nonfeasance; moreover, assuming McCartt was, as claimed, the *de facto* chief administrative officer of the road commission, there is no allegation that he was involved in the supervision of the site or knew or had notice of the defect in the road. In *Campbell v. Ridenour*, 22 Tenn.App. 250, 120 S.W.2d 1000 (1938), the plaintiff sued the county road superintendent of the county on the theory the county, through the superintendent, had caused injury to several children by failing to place caps on barrels of asphalt. The court held the superintendent was not individually liable on the ground "[h]e was not present and did not participate in the negligent conduct of the road-hands...." 22 Tenn. App. 255, 120 S.W.2d 1000.

■ Plaintiffs alleged both McCartt and the commissioners were negligent in failing to purchase warning signs or devices for placement at the accident site. It is generally recognized, where a dangerous condition exists in a county road, county officers "[are] under the duty of erecting ... barriers or causing them to be erected for the protection of the public." *Vance v. Hale*, 156 Tenn. 389, 395, 2 S.W.2d 94 (1928). In *Vance v. Shelby County*, 152 Tenn. 141, 273 S.W. 557 (1925), plaintiff was injured when his vehicle fell into a chasm following the removal of a bridge. The court held the county road commissioners liable for failing to erect either barriers or warnings at the site. In the present case, however, the complaint alleges only failure to purchase warning devices; there is no allegation that either McCartt or the commissioners were on notice of a dangerous condition in the road.

■ As to the county road supervisor, Russell Barnette, the complaint charges he accepted a supervisory position although he "knew or should have known that he did not have the qualifications, training or experience to adequately fill the position", and permitted the cutting of ditches and the installation of tiles without the proper tamping equipment and without setting the proper warning devices and securing the placement of drain pipe knowing that it would create a nuisance, snare or trap.

It is argued Barnette had no discretion to exercise as the complaint establishes the resurfacing of the road was for the state under contract with the state and the state's supervisor actively supervised the installation of the drain pipe. While this may be a viable defense, the complaint must be tested by whether it appears beyond doubt the plaintiffs can prove no set of facts in support of their claims which would entitle them to relief. *Sullivant v. Americana Homes, Inc.*, 605 S.W.2d 246 (Tenn.App.1980).

The judgment of the trial court is affirmed as to all defendants except Barnette and Robbins. The cause is remanded for further proceeding as to the latter defendants consistent with this opinion.

Costs incurred on appeal are assessed one-half to plaintiffs and one-fourth to each of the remaining defendants.

PARROTT, P.J., and SANDERS, J., concur.