L. O. KEE *et al. v.* GARVIN PARKS *et al.*\*

(*Jackson.* April Term, 1926.)

1. **SCHOOLS AND SCHOOL DISTRICTS.** Special school district is a "public corporation," but not a "municipal corporation" authorized to impose taxes, and is a mere instrumentality of state.

Special school district is a "public corporation," but not a "municipal corporation" in sense that it can be authorized to impose taxes, and it is a mere instrumentality of State, created exclusively for public purposes, subject to unlimited control of legislature. (*Post, pp.* 309, 310.)

Acts cited and construed: Acts 1925, ch. 484.

Cases cited and approved: Reelfoot Lake Levee Dist. v. Dawson, 97 Tenn., 151; State ex rel. v. Cummings, 130 Tenn., 566; State v. Wilson, 80 Tenn., 246.

Case cited and distinguished: Quinn v. Hester, 135 Tenn., 380.

2. **STATUTES.** Statute authorizing special school district to issue bonds and levying taxes to pay them held not unconstitutional, because levy of taxes was not covered in caption (Private Acts 1925, chapter 484; Constitution, article 2, section 17).

Private Acts 1925, chapter 484, authorizing special school district to issue bonds for school building, and levying taxes to pay bonds, *held* not violative of Constitution, article 2, section 17, in that provision levying tax is not covered by caption; power to issue bonds including power to levy tax to pay them. (*Post, p.* 310.)

Case cited and approved: State v. Mayor, etc., of City of Bristol, 109 Tenn., 325.

Constitution cited and construed: Sec. 17, art. 2.

3. **STATUTES.** All matters naturally and reasonably connected with subject of statute expressed in title may be properly included in body of act, and are germane to its title (Constitution, article 2, section 17).

Under Constitution, article 2, section 17, all matters naturally and reasonably connected with general subject of statute expressed in

Kee v. Parks.

its title, as well as all measures which may or will facilitate accomplishment of purpose so stated, may properly be included in body of act, and are germane to its title. (*Post, pp.* 310, 311.)

Cases cited and approved: Manufacturing Co. v. Falls, 90 Tenn., 484; State v. Yardley, 95 Tenn., 555; Condon v. Maloney, 108 Tenn., 99; Railroad v. Byrne, 119 Tenn., 288; Knoxville v. Gass, 119 Tenn., 440.

Constitution cited and construed: Sec. 17, art. 2.

4. **TAXATION.** Statute authorizing special school district to issue bonds, and levying tax to pay them, if approved by voters, held not unconstitutional as delegating taxing power to district (Private Acts 1925, chapter 484; Constitution, article 2, section 29).

Private Acts 1925, chapter 484, authorizing special school district to issue bonds for school building, and levying taxes to pay them, if authorized by vote of majority of voters, *held* not violative of Constitution, article 2, section 29, as delegating taxing power to school district, since district does not fix rate or levy tax. (*Post, p.* 311.)

5. **CONSTITUTIONAL LAW.** Statute authorizing special school district to issue bonds to construct school building, if authorized by majority of votes cast at election held not unconstitutional as delegating legislative power to people (Private Acts 1925, chapter 484; Constitution, article 2, sections 1-3, article 11, section 9).

Private Acts 1925, chapter 484, authorizing special school district to issue bonds for school building, and levying tax to pay bonds, if authorized by majority of voters voting at election called for such purpose, *held* not violative of Constitution, article 2, sections 1-3, as delegating power of enacting laws to people, regardless of whether submission feature of act be treated as incident to issuance of bonds, as condition or contingency to their issuance, as immemorial usage, as application of power under article 11, section 9, or whether act is deemed special rather than general. (*Post, pp.* 311-315.)

Acts cited and construed: Acts 1852, ch. 117.

Kee v. Parks.

Cases cited and approved: Railroad v. Davidson Co., 33 Tenn., 637;
Grant v. Lindsay, 58 Tenn., 666; Maury Co. v. Lewis Co., 31 Tenn.,
236, 240; Redistricting Cases, 111 Tenn., 253-257.

Cases cited and distinguished: Wright v. Cunningham, 115 Tenn.,
445; Weil v. Newbern, 126 Tenn., 223.

Constitution cited and construed: Art. 2, sec. 29; Art. 2, secs. 1, 2, 3.

*Headnotes 1.  Schools and School District, 35 Cyc., pp. 832, 1000; 2.
Statutes, 36 Cyc., p. 1044; 3. Statutes, 36 Cyc., p. 1029; 4. Schools and
School District, 35 Cyc., p. 1000; 5. Schools and School District, 35
Cyc., p. 990.

## FROM CARROLL.

Appeal from the Chancery Court of Carroll County.
—Hon. Tom C. Rye, Chancellor.

Peeler & Evans, for appellants.

Maddox & Maddox, for appellees.

Mr. Justice McKinney delivered the opinion of the
Court.

This suit involves the constitutionality of chapter 484,
Private Acts of 1925.

Under the terms of the act, the Buena Vista special
school district of Carroll county was authorized to issue
bonds in the sum of $12,000, the proceeds to be used in
the purchase of a lot and the construction of a school
building thereon.  It created a sinking fund, and levied
an annual tax of forty cents on the $100 worth of taxable

property within the district to pay the bonds with in-
terest.   It provided that the bonds should not be issued
until authorized by a majority of the voters voting in an
election called for that purpose; that, if not authorized
in said election, subsequent elections might be held at
any time after sixty days following the previous election.

As to the nature of the Buena Vista special school dis-
trict, what was said by this court in *Quinn* v. *Hester,* 135
Tenn., 380, 186 S. W., 460, with respect to another spe-
cial school district in Carroll county is applicable, to-wit:

"This school district is not a municipal corporation
under our cases in the sense that it can be authorized
to impose taxes.  As said of the levee district, however,
in *Reelfoot Lake Levee District* v. *Dawson,* supra [97
Tenn., 151, 36 S. W., 1041, 34 L. R. A., 725], it is clearly
not a private corporation.  The school district is a pub-
lic corporation.  It is, as said of the county in *State ex
rel.* v. *Cummings,* 130 Tenn., 566, 172 S. W., 290, L. R. A.
1915D, 274, 'but an emanation from the State.'

"Like a municipal corporation, this school district is
a mere arm or instrumentality of the government 'created
exclusively for public purposes, subject to the unlimited
control of the legislature.'   *State* v. *Wilson,* supra [12
Lea (80 Tenn.), 246].

"We think the reasoning of all the cases upholding
special legislation respecting towns, cities, and counties
is equally applicable in support of the special legislation
with respect to this school district."

The act in question is similar in its form, terms, and
conditions to numerous acts passed by the legislature
authorizing counties and municipalities to issue bonds

for local improvement purposes, and must be governed by the same rules of construction.

Taking up the specific objections interposed to the validity of the act, it is first said that the body of the act is broader than it caption, and violative of article 2, section 17, of the Constitution, in that the body of the act provides for a tax levy with which to liquidate the bonds, a subject not covered by the caption.

The issuance of bonds for school purposes is the subject of the caption.

The power to issue bonds implies the power to levy a tax to pay them. *State* v. *Mayor, etc., of City of Bristol,* 109 Tenn., 325, 70 S. W., 1031.

They can only be paid by levying a tax. No other method is provided for their liquidation. Levying the tax follows the issuance of the bonds as a necessary incident. The two subjects are related, and are in no sense incongruous. All matters which are naturally and reasonably connected with the one general subject expressed in the title, as well as all measures which will or may facilitate the accomplishment of the purpose so stated, may be properly included in the body of the act, and are germane to its title. *Manufacturing Co.* v. *Falls,* 90 Tenn., 484, 16 S. W., 1045; *State* v. *Yardley,* 95 Tenn., 555, 32 S. W., 481, 34 L. R. A., 656; *Condon* v. *Maloney,* 108 Tenn., 99, 65 S. W., 871; *Railroad* v. *Byrne,* 119 Tenn., 288, 104 S. W., 460; *Knoxville* v. *Gass,* 119 Tenn., 440, 104 S. W., 1084.

In the last-named case the body of the act involved provided for a sinking fund, a subject not mentioned in the caption, and it was held that the act did not violate article 2, section 17, of the Constitution. It is proper to

state that the exact question under consideration was not raised in that case.

In the second place, it is said that the act violates article 2, section 29, in that it delegates the taxing power to the school district, which, it was held in *Quinn* v. *Hester,* supra, was not a municipality.

Here the legislature fixed the tax in the act, and the decisions are uniform in holding that such power is vested in the legislature. The school district does not fix the rate or levy the tax; that was done by the legislature.

In the third place, it is said that the act violates article 2, sections 1, 2 and 3, of the Constitution, in that, by referring the issuance of bonds to the voters, the legislative power of enacting laws was delegated to the people.

Upon investigation we have been unable to find any case where such right has been questioned since the decision in *Railroad* v. *Davidson County,* 1 Sneed (33 Tenn.), 637, 62 Am. Dec., 424, in the year 1854. It is most likely that the many subsequent acts providing for such submissions both prior and subsequent to the adoption of the Constitution in 1870 were based upon that decision. The act involved (chapter 117, Acts of 1852) authorized the county courts of the State, through which railroads were constructed, to subscribe for stock therein, provided a majority of the legal voters approved of same in an election to be held. At that time there was no constitutional provision for such submission as was added by the two latter clauses in article 2, section 29, of the Constitution of 1870. Sections 1, 2, and 3 of article 2 of the Constitution of 1870 were in the Constitution of 1834.

Counsel for complainants have referred us to *Wright* v. *Cunningham,* 115 Tenn., 445, 91 S. W., 293, as authority to the contrary.

The same justice who wrote the opinion in that case later wrote the opinion in *Weil* v. *Newbern,* 126 Tenn., 223, 148 S. W., 680, L. R. A., 1915A, 1009, Ann. Cas., 1913E, 25, in which the act involved authorized a bond issue, provided:

"The said bonds shall not be issued unless so ordered by a vote of the majority of the qualified voters of the town of Newbern, at any time and as many times as the mayor and aldermen may deem necessary."

In sustaining the act the court said:

"As to the next point, we see no objection to the existence of a power in the board of mayor and aldermen of any city to determine whether they will submit to the voters of such municipality the question of issuing bonds, or to the existence of the power to fix the time when such vote shall be taken; and in view of this particular matter it is not material that recourse may be necessary to some other official, as to the sheriff, or election commissioners, to make the ordinance effective by the actual holding of the election. The power to issue bonds is special, and is usually conferred upon municipalities by such acts. The limited power of determining whether a submission shall be made, and when, is a mere incident of the power conferred to issue bonds."

In *Wright* v. *Cunningham,* supra, the act considered prohibited the running at large of stock in counties falling within a population classification, and provided:

"That this act shall only apply to such counties as may adopt the same by a majority vote of the legal voters of

said county at a legal election held for said purpose by the commissioners of election.''

The act was held invalid because it delegated legislative power to the voters.

In that case the court recognized the rule that an act may provide upon its face that the duty of complying may depend upon the happening of a condition or contingency, but held that the act in question did not fall within the rule.

In *Railroad* v. *Davidson County,* supra, it was held that the act fell within that rule.

In *Wright* v. *Cunningham,* supra, it was said:

''There is another principle which should be recalled at this stage of the discussion, viz. that legislative power cannot be delegated except in those special instances in which the constitution itself authorizes such delegation, or those sanctioned by immemorial usage originating anterior to the constitution and continuing unquestioned thereunder. The immemorial usage referred to has found its expression in only two forms: Firstly, in the powers conferred upon municipal corporations in their several charters, and by general statutes applying to such corporations and pertaining to the ordering and administration of their local affairs; secondly, in the powers conferred upon the quarterly county courts of the several counties of the State for the management of local matters. It is said in our cases that the counties of the State are municipal corporations of a noncomplex character, that the county courts constitute the governing body of these corporations, that these courts have judicial and police powers, that 'they can exercise that portion of the sovereignty of the State communicated to them by the

legislature, and no more,' and that 'in the exercise of the powers so conferred they become miniature legislatures, and the powers so exercised by them, whether they are called municipal or police, are in fact legislative powers.' *Grant* v. *Lindsay,* 11 Heisk., 666; *Maury Co.* v. *Lewis Co.,* 1 Swan, 236, 240; *Redistricting Cases,* 111 Tenn., 253-257, 80 S. W., 750. The origin of the power to delegate legislative functions to the counties is not only to be found in ancient usage, but also may be traced to the direct language of the constitution, which provides, in article 11, section 9, that 'the legislature shall have the right to vest such powers in the courts of justice, with regard to private and local affairs, as may be expedient.' "

Both of these exceptions could be applied in the instant cause.

Since 1854 there have been many unquestioned bond issue acts, of a local nature, both prior and subsequent to the adoption of the Constitution in 1870.

This school district being an arm of the State, a miniature legislature, the lawmaking body of the State can vest in it power with regard to local matters. It can authorize it to issue bonds for local improvements either with or without a submission to the voters.

The act involved in *Wright* v. *Cunningham,* supra, was intended to be special, but, in fact was general in its nature, and the legislature was without power to delegate to the voters in the several counties affected the question as to whether it should become a law. On the other hand, as stated in *Weil* v. *Newbern,* supra, the act there considered was special, and dealt solely with the fiscal affairs of a particular municipality.

Kee v. Parks.

It follows that, whether the submission feature of the act be treated as only an incident to the issuance of the bonds, or as a condition or contingency upon which their issuance is to take place, or as an immemorial usage, or as a delegation of power under article 11, section 9, or the act be treated as special rather than general, the constitutional provisions here considered do not render it invalid.

This disposes of the principal grounds of attack made upon the act. The others have been considered, and are without merit.

The chancellor was of the opinion that the act was valid, sustained the demurrer, and dismissed the bill, and his decree will be affirmed, with costs.