TYLER *v.* OBION COUNTY *et al.*

(*Jackson,* April Term, 1937.)

Opinion filed June 17, 1937.

E. A. MORRIS, of Obion, and F. J. SMITH, of Union City, for plaintiff in error.

J. L. FRY, of Union City, for defendants in error.

MR. JUSTICE DeHAVEN delivered the opinion of the Court.

This is a suit brought by Lyman Tyler, administrator of the estate of Mrs. Addie Tyler, deceased, against Obion County, Tennessee, the members of the board of highway commissioners of Obion County officially and individually, and Andrew Burrus, individually and officially as county highway supervisor for Obion County, seeking to recover damages for her death.

It is averred in the declaration, in substance, that on August 8, 1936, and for many years prior thereto, there existed a public road in Obion County known as the Glass and Elbridge Public Road, under the direct supervision of defendants; that said public road was extensively traveled each day and night by large numbers of people; that it was the duty and obligation, under the law, that defendant commissioners (naming them), individually and officially, and the defendant highway su-

pervisor, individually and officially, as well as Obion County, to see that all the roads of Obion County are worked and kept in good condition and maintained with a smooth surface for travel to the full extent of the means at their service, which means were ample and sufficient for all of said purposes; that it was the duty of each and all of said defendants to make all necessary and proper inspections and keep all said roads of Obion County in proper and safe condition for the public travel at all times; and that there were ample and sufficient means at their service for these purposes.

It is further averred, in substance, that notwithstanding all of the above, on or about August 8, 1936, at a described point in the Glass and Elbridge Public Road, the defendants dumped and piled, and caused to be dumped and piled, at that point on said road, some five or six or seven large piles and dumps of gravel and rock in or near the middle of said road, each of which piles of gravel or rock being some four or five feet high at the apex of each pile and the piles or dumps of gravel and rock, from the first one, being so dumped that the piles were about eight or ten feet apart; that defendants individually and collectively in their official capacity, unlawfully, wrongfully, and negligently left said piles of gravel and rock in the center of the road, in the original condition as dumped, so as to cause and create a dangerous condition and continuing nuisance, and deathtrap and menace to those traveling said road in the nighttime at such point without notice or knowledge of its condition, without first placing lights, or warnings, or notices at the point on said road where said nuisance and deathtrap were created and permitted to continue.

It is further averred, in substance, that while Mrs. Addie Tyler, deceased, was accompanying her husband in an automobile in the nighttime, while in the lawful use of the road and wholly without knowledge or notice of said deathtrap, nuisance, and dangerous condition, the automobile was driven into said dump of gravel or rock, without fault upon her part, or her husband, with resultant injuries to Mrs. Tyler from which she died. It is then averred, in substance, that defendants' wrongful and willful acts in creating said deathtrap and continuing nuisance at said time and place, and permitting the same to remain there 'during the nighttime, without lights or warnings of said dangerous condition, was the proximate cause of the death of Mrs. Tyler.

The defendants jointly demurred to the declaration upon some eighteen grounds. For Obion County the defense was made that in constructing or repairing the public roads of the county it was engaged in a governmental function; that the county would have a right in the repairing or construction of a road for the materials to remain there for a reasonable length of time; that the facts set up in the declaration could only amount to nonfeasance or misfeasance, if that, of the agents and employees of the county, for which Obion County would not be responsible; that the facts set out did not constitute a nuisance.

For the members of the board of highway commissioners, in their official capacity, the defense was made that there are no facts alleged in the declaration to charge them with any dereliction, or that they violated any official duty; that the declaration fails to allege that the acts complained of were willful or malicious; that the declaration does not allege any fact or duty either

done or omitted toward the deceased; that the act creating their offices does not require the duty of them of seeing that the graveling of roads is properly done.

For the members of the board of highway commissioners, in their individual capacity, the defense was made that there are no facts stated in the declaration charging them, or either of them, of doing any act or failing to do any act individually with which to charge them with any liability. The same defense was made for defendant, Andrew Burrus, county highway supervisor, officially and individually; and, further, that the statute creating his office does not require him to be present and superintend the repair of roads, but is only to employ others to do the work.

For all of the defendants, individually and officially, the defense was made that the county and the highway commissioners in the repairing of a public road had a right to dump material in said road and the same was permitted to remain there but a short time; that there is no allegation in the declaration that there was any negligence in the selecting of agents and employees to repair said public road; that the declaration shows on its face that the plaintiff and his intestate were guilty of contributory negligence; that the facts set out are insufficient to constitute a nuisance.

The trial court sustained the demurrer of Obion County and dismissed the suit as to it. He also sustained the demurrer as to the members of the highway commission, in their official capacity, and dismissed the suit as to the highway commission and the members thereof, as officials, but otherwise overruled the demurrer.

From the action of the trial judge in sustaining the demurrer as to Obion County and the members of the high-

way commission, in their official capacity, plaintiff has appealed, and the members of the commission, in their individual capacity, and Andrew Burrus, as county highway supervisor, and individually, have appealed.

The trial judge properly sustained the demurrer as to Obion County. We think the case falls within the rule announced in *Vance* v. *Shelby County*, 152 Tenn., 141, 273 S. W., 557, 559. In that case it was held that the county was not liable for the negligence of officers and employees of the county in failing to erect barriers or place lights or other warnings at the place in a road where a bridge was removed with resulting injuries to an automobilist. The reasons for the rule exempting a county from liability in such cases are set forth in the opinion in *Vance* v. *Shelby County* and need not be repeated here.

The trial judge was not in error in sustaining the demurrer of the members of the road commission in their official capacity. In *Binkley* v. *Hughes*, 168 Tenn., 86, 73 S. W. (2d), 1111, plaintiff sued the road commissioners of Lauderdale county both officially and personally, to recover damages for the wrongful death of her intestate, which occurred when a truck which he was driving on one of the highways of the county broke through a bridge precipitating him to the stream underneath. The court said:

"The county was not sued, and it is conceded that it is in no wise liable for the injury complained of, for the reason that the county in the establishment and maintneance of roads and bridges, was exercising the functions of sovereignty.

"For the same reason the commissioners are not liable in their official character. *Carothers* v. *Shelby County*,

148 Tenn., 185, 253 S. W., 708; *Fryar* v. *Hamilton County*, 160 Tenn., 216, 22 S. W. (2d), 353.

"In 29 Corpus Juris, 567, it is said: 'Being governmental agencies, highway boards or commissioners, as such, are not ordinarily liable in tort.'

"A judgment against the defendants, as officials, would be valueless because they own no property with which to satisfy a judgment. Such commissioners are personally liable to a third party where the latter is injured as a result of some act of misfeasance committed by them."

In overruling the demurrer as to the members of the road commission, individually, and as to the county highway supervisor, individually, the trial judge committed no error. They had entered upon the discharge of their duties as road commissioners and county highway supervisor, respectively, and they owed the active duty to the public to see that the statutory mandates were carried out. In *Hale* v. *Johnston*, 140 Tenn., 182, 198, 203 S. W., 949, 953, the court said: "Inaction would none the less be a misfeasance because they had assumed the discharge of the statutory duty, and failure to perform a positive duty is positive wrong." This was quoted with approval in *Vance* v. *Shelby County, supra.*

Under chapter 124, Private Acts 1925, creating the highway commission, the general supervision, control, and management of all public roads, and of all the working of roads, was imposed upon it. The commission was vested with the power to assign road hands to work the respective roads and appoint overseers or foremen to look after the labor and construction of roads, and to take any action necessary to prevent the obstruction of roads or injury thereto. Under section 17 of the act it is provided: "That said roads shall be cleared of and

kept clear of all obstruction to the free travel of the public to all parts thereof." Under section 19 of the Act it is provided, in part: "That all roads of the county shall be maintained and kept in suitable condition for travel in so far as it is possible to do within the limit of the road funds for the respective years."

In *Vance* v. *Shelby County, supra,* the court quoted the following from *Gamble* v. *Vanderbilt University,* 138 Tenn., 616, 636, 200 S. W., 510, L. R. A. 1918C, 875:

"For nonfeasance an agent is responsible to his principal only. For misfeasance he may be responsible to third parties also. Nonfeasance is doing nothing. Misfeasance 'is a failure to use in the performance of a duty owing to the individual, that degree of care, skill, and diligence which the circumstances . . . reasonably demand.' *State* v. *McClellan,* 113 Tenn., 616, 621, 85 S.W., 267, 3 Ann. Cas., 992."

The above was quoted with approval in *Binkley* v. *Hughes, supra.*

In *Vance* v. *Shelby County, supra,* where the county officers and employees failed to erect barriers or place lights or other warnings at the place in the road where a bridge was removed by them, the court said:

"We are of the opinion that the defendant officers and employee owed the plaintiff and others who might travel said road or highway the duty of warning them against said dangerous chasm or pitfall left in said road by the removal of said bridge and a failure to do so amounted to misfeasance, for which they would be liable, taking the averments of the declaration as true."

In *Vance* v. *Hale,* 156 Tenn., 389, 2 S. W. (2d), 94, 96, 57 A. L. R., 1029 (the same litigation as was presented

in *Vance* v. *Shelby County, supra*), speaking of former decision of the court, it was said:

"It was not intended by the court in this case to say that the defendant county officers were to be held as guarantors or insurers of the placing or erection of proper barriers or warnings at this chasm for the benefit of the public. It was said that such officers owed a duty to the public of warning them against the danger, but the court only intended to hold that the county officers were required to use ordinary care to perform such duty and that they would be personally liable for negligence in failing to discharge this duty, or, of course, for willful failure. . . .

"We think it thus obvious from our cases that in order to hold a public officer liable, as for misfeasance in the omission of a duty placed upon him, it must appear that such officer knowingly or negligently failed to perform said duty, or if the performance thereof was committed to a subordinate, that such officer did not exercise ordinary care to see that performance was duly accomplished."

The declaration in the instant case avers that defendant "unlawfully, wrongfully, negligently and willfully" left the piles of gravel or rock in the center of the road, as dumped, without lights or any sort of notice or warning to those traveling the road. As said in *Vance* v. *Hale, supra*:

"The county officers were under the duty of erecting such barriers or causing them to be erected for the protection of the public. If they failed to use ordinary care about the erection of such barriers or in causing such

barriers to be erected, the county officers failed in the exercise of a duty placed upon them by law and liability followed."

Under the act creating the board of commissioners, hereinbefore referred to, it was required that the board employ a highway supervisor, who, "under the direction and control of said Commission," (section 13) shall have general charge and supervision of all roads committed to the care of the commission. The supervisor, it is provided, shall be employed for two years, but may be discharged by the commission at any time it may consider his discharge is for the best interest of the "road interests of the county," or for neglect, breach of duty, or incompetency in his official capacity. The act places upon the inspector the duty, among others, of making "all proper and necessary inspection of the roads, levees and bridges to assure the keeping of the same in proper, good and safe condition" (section 14, subd. 4).

It was the duty of the commission and of the inspector, who worked under its direction and control, under section 17 of the act, to see "That said roads shall be cleared of and kept clear of all obstruction to the free travel of the public to all parts thereof."

In *Vance* v. *Hale, supra,* it was said:

"If a public officer exercises ordinary care in the choice of subordinate employees in the public service, and if such officer properly instructs these employees and exercises ordinary care to see that the employees properly perform their duties, we think that such public officer has thereby discharged the obligation placed upon him by law."

We are of the opinion that the decree of the trial judge on the demurrer is without error, and the same is affirmed. The case is remanded for further proceedings. The costs of this court will be paid one-half by the plaintiff and one-half by the defendant county officers.