ODIL *v.* MAURY COUNTY.

(*Nashville,* December Term, 1939.)

Opinion filed February 17, 1940.

HOPKINS & HOPKINS, of Columbia, and TYLER BERRY, JR., and E. W. EGGLESTON, both of Franklin, for plaintiff.

PRIDE TOMLINSON, of Columbia, for defendant.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

This is an action for personal injuries instituted by Dorothy Lee Odil, a child ten years of age, by her father as next friend, against Maury County.

The trial court sustained a demurrer to the declaration on the ground that it did not state a cause of action and dismissed the suit.

The declaration alleges that in the year 1936 the defendant constructed a two-story brick school building, with a basement, on a school lot at Spring Hill in Maury County; that the basement was entered by a concrete ramp paralleling the building, which was twenty feet in length, its north end being even with the surface of the ground and the south end four feet below the surface; that the opening thus created was not protected by guardrails or otherwise; that the ground where the teachers encouraged the pupils to exercise and play was adjacent to this ramp; and that on November 14, 1938, plaintiff while playing stumbled and fell into this opening and received serious injuries. A recovery is sought upon the ground that this ramp as constructed constituted a nuisance.

■ Under the decisions of our courts, the county in the operation and maintenance of its schools is engaged in a governmental function. *State ex rel. Bise* v. *Knox County*, 154 Tenn., 483, 290 S. W., 405, 50 A. L. R., 1158; *Rogers* v. *Butler*, 170 Tenn., 125, 92 S. W. (2d), 414; *Hamilton County* v. *Bryant*, 175 Tenn., 123, 132 S. W. (2d), 639, 640.

■ In 15 C. J., 569, 570, it is said: "In the absence

of statute a county is not liable for damages to private interests by the construction of public works and improvements.''

With respect to the liability of a county for a tort the text in 14 Am. Jur., Counties, pages 215, 216, is as follows: ''It is well settled that since counties are organized for public purposes and charged with the performance of duties as arms or branches of the State government, they are never to be held liable in a private action for neglect to perform such duties, for acts done while engaged in the performance of such duties, or because they are not performed in a manner most conducive to the safety of employees or the public, unless such liability is expressly fixed by statute.''

This general rule applies to acts constituting nuisances. *Carothers* v. *Shelby County*, 148 Tenn., 185, 253 S. W., 708; *Vance* v. *Shelby County*, 152 Tenn., 141, 273 S. W., 577; *Tyler* v. *Obion County et al.*, 171 Tenn., 550, 106 S. W. (2d), 548; *Wehn* v. *Commissioners of Gage County*, 5 Neb., 494, 25 Am. Rep., 497; *Lefrois* v. *Monroe County*, 24 App. Div., 421, 48 N. Y. S., 519; *Matson* v. *Dane County*, 172 Wis., 522, 179 N. W., 774; *Hubbard* v. *Crawford County*, 221 Pa., 438, 70 A., 805; *Mokovich* v. *Independent School Dist. No. 22*, 177 Minn., 446, 225 N. W., 292.

*Chandler* v. *Davidson County*, 142 Tenn., 265, 218 S. W., 222, is not in point. The substance of the holding in that case, as interpreted in *Carothers* v. *Shelby County*, *supra*, and *Vance* v. *Shelby County*, *supra*, is that where the county departs from the delegated sovereign power of maintaining and repairing roads and bridges and creates a nuisance that results in injury, it thereby commits an actionable wrong beyond the scope of its authority and power.

*Pierce* v. *Gibson County*, 107 Tenn., 224, 233, 64 S. W., 33, 55 L. R. A., 447, 89 Am. St. Rep., 946, simply applies the universal rule that a court of chancery has authority to enjoin a nuisance.

In the present case the county was acting within its delegated power when it constructed this school building; and even if it be conceded that the opening into which plaintiff fell constituted a nuisance, a question unnecessary for this court to determine, the defendant is no more liable than was the county in *Tyler* v. *Obion County et al., supra,* where the county committed a nuisance by dumping six or seven large piles of gravel or rock in the middle of the road and left them there overnight.

The trial court correctly held that the declaration herein stated no cause of action against the county, and his judgment will be affirmed.