BUCKHOLTZ v. HAMILTON COUNTY.

(*Knoxville,* September Term, 1943.)

Opinion filed October 16, 1943.

FOSTER JOHNSON and CARLYLE S. LITTLETON, both of Chattanooga, for plaintiff in error.

THOMAS S. MYERS, of Chattanooga, for Hamilton County.

MR. JUSTICE PREWITT delivered the opinion of the Court.

The circuit judge sustained the demurrer of Hamilton County to the declaration filed by Mrs. Elizabeth Buckholtz and dismissed her suit. The appeal in error here has resulted. The case grows out of an automobile accident in which plaintiff was seriously and permanently injured.

Plaintiff's declaration charges in substance that she was riding on the back seat of an automobile which was being driven in a careful and prudent manner over one of the hard-surfaced highways which had been built and maintained by the defendant County, and that said County for a purpose foreign to the exercise of any delegated sovereign power, solely by act of commission, created and located on a public highway a dangerous nuisance, proximately resulting in breaking the back of plaintiff.

The ground of negligence is the alleged diversion of a year-round branch immediately above the highway so that it would flow across the road and spill on the land below the highway. The declaration charges as follows: "Defendant excavated, constructed, concreted the bottom and sides of, and continuously maintained a narrow ditch approximately from 12 inches to two feet deep, directly across and about the center of a long straightaway between two curves on, the Mountain Creek road, a much traveled, open, hard-surfaced public highway in, and under the supervision, charge and control of said County, into which ditch defendant diverted the clear water from a small, year-round branch, immediately above the road,

which thereafter flowed through the open ditch across the said road and filled, and thereafter kept the ditch normally filled with clear water, approximately to the elevation of the road on either side of the ditch, so that the refraction of the clear water and the location and construction of the ditch, concealed and camouflaged the presence, depth, character and danger of the ditch from approaching motorists, to whom the condition had the appearance of a clear, shallow, safe, temporary wet weather overflow above the highway, and as constructed and located, operated to invite motorists using the highway to continue on their course over the side of the ditch, without slowing down, until it was too late to stop in time to avoid the inevitable accident and injury incident to running through and over said ditch at ordinary speeds; as a proximate result of which, prior to the time complainant was injured, as hereinafter set forth, some fourteen motorists, unfamiliar with the location of the ditch and the road at that point, or its danger, had their property or persons injured by driving into said deathtrap, of many of which accidents defendant had knowledge, prior to the date on which plaintiff was injured, as hereinafter set forth.''

The declaration further charges that plaintiff below was a guest of Mrs. E. D. Bohr and at the time of the injury sued for was sitting in the rear seat of a car driven by E. D. Bohr, that all the occupants were unfamiliar with the road, and that the said driver drove his car into the ditch breaking plaintiff's back, etc.

The insistence of the plaintiff is that the defendant County was acting in its corporate capacity and not governmental and that it was, therefore, liable for the injury complained of.

The plaintiff relies chiefly on *Chandler* v. *Davidson County,* 142 Tenn., 265, 218 S. W., 222. In that case, however, the nuisance consisted in the construction and maintenance of the ditch apart from the road and not in the building of the road.

In *Carothers* v. *Shelby County,* 148 Tenn., 185, 186, 253 S. W., 708, the Court said:

"Confusion as to the rule applied in the Chandler case arises from a failure to observe the facts of the case, and the language of the opinion, which distinguishes between negligence, an omission of duty, and a nuisance, or active wrong."

As before stated, the injuries complained of in the Chandler case grew out of the construction and maintenance of a ditch apart from the road, and not in the building of the road.

In *Odil* v. *Maury County,* 175 Tenn., 550, 552, 136 S. W. (2d), 500, 501, the Court said:

"With respect to the liability of a county for a tort the text in 14 Am. Jur., Counties, pp. 215, 216, is as follows: 'It is well settled that since counties are organized for public purposes and charged with the performance of duties as arms or branches of the state government, they are never to be held liable in a private action for neglect to perform such duties, for acts done while engaged in the performance of such duties, or because they are not performed in a manner most conducive to the safety of employees or the public, unless such liability is expressly fixed by statute.'

"This general rule applies to acts constituting nuisances. *Carothers* v. *Shelby County,* 148 Tenn., 185, 253 S. W., 708; *Vance* v. *Shelby County,* 152 Tenn., 141, 273 S. W., 557; *Tyler* v. *Obion County et al.,* 171 Tenn., 550, 106 S. W. (2d), 548; . . ."

In *Carothers* v. *Shelby County, supra,* the County, in the exercise of the public function of the construction and maintenance of highways, had constructed and was maintaining a bridge which gave way with plaintiff's intestate.

In *Vance* v. *Shelby County, supra,* the Court also held that the county, acting in its sovereign power to repair, had removed a bridge for the purpose of installing a new one, leaving a 12-foot chasm. In the exercise of the governmental function of maintaining the highway in a safe condition, the officers and employees of the county had negligently failed to erect barriers or place lights where the bridge was removed.

In *Tyler* v. *Obion County et al.,* 171 Tenn., 550, 106 S. W. (2d), 548, the gist of the action was that the county, in the exercise of the governmental function of repairing the highways, had placed six or seven piles or dumps of gravel in the center of the highway without first placing lights, or warnings, or notices of the same.

Counsel for plaintiff below undertake to distinguish these last-cited cases from the instant case, but taking the declaration in its most favorable light, we are constrained to hold that Hamilton County was acting in its governmental and not in its corporate capacity when the injury took place. For the reasons and a full discussion of the nonliability of counties in such cases, see *Vance* v. *Shelby County, supra,* and *Fryar* v. *Hamilton County,* 160 Tenn., 216, 22 S. W. (2d), 353. While some of our cases undertake to distinguish *Chandler* v. *Davidson County, supra,* we are of opinion that this holding is unsound, and this case is accordingly overruled.

It results that we find no error in the judgment of the lower court sustaining the demurrer on behalf of the County and it is affirmed.