BARNETT *v.* CITY OF MEMPHIS *et al.*

(*Jackson,* April Term, 1954.)

Opinion filed May 21, 1954.

Rehearing denied July 23, 1954.

ASPERO & ASPERO and NELL SANDERS ASPERO, all of Memphis, for plaintiff.

EVANS, PETREE & COBB, MARION G. EVANS, FRANK B. GIANOTTI, JR., and ROBERT W. PHARR, all of Memphis, for defendants.

MR. JUSTICE PREWITT delivered the opinion of the Court.

This is a suit for damages for personal injuries to the plaintiff, Robert Lee Barnett, Jr., a minor six years of age, and a student at Cummings School in Memphis, Tennessee. A demurrer was interposed by the School Board and the individual members thereof, which was sustained by the trial judge, and the suit dismissed, the Circuit Judge being of the opinion that defendants were performing a governmental function at the time the alleged injuries were suffered, if any, and that the defendants were not liable on the theory of negligence, or maintaining a nuisance. The Circuit Judge was of the opinion that this case was controlled by the decision of the Court in *Odil* v. *Maury County,* 175 Tenn. 550, 136 S. W. (2d) 500.

In the present case, the declaration averred that the child was injured while in attendance as a student at the Cummings School in Memphis, which is under the control of the defendant Board of Education; that an opening exists on the playground of said school yard approximately 14 feet deep, 20 feet long and 4 feet wide, being the opening of a concrete stairway encased between concrete walls and leading from said playground to the base-

ment; that said large opening had been partially barricaded on three sides by two parallel two inch iron pipes, but that the lower pipe had rusted or rotted out on the side directly above the deepest part of the opening, with the result that it was unprotected except by an archway formed by the top railing about 3½ feet high and 4 feet wide; that at recess, the little boy was bumped into and thrown through said unprotected opening directly down 14 feet to the concrete bottom of said hole and that he suffered and still suffers from serious and permanent injuries as a result of the fall.

The declaration further charged that the defendant allowed said railing to remain in this dangerous. condition so that it constituted a dangerous nuisance and a dangerous instrumentality.

It should be observed in the outset that the question presented here is not one which involves immunity from suit, but rather whether the defendants in such cases are liable in actions of tort of a public corporation for its acts or failure to act in the performance of a governmental function. Plaintiff relies on *Keifer & Keifer* v. *Reconstruction Finance Corp.,* 306 U.S. 381, 382, 59 S.Ct. 516, 83 L.Ed. 784. However, the question involved in that case was not whether the corporation was engaged in the performance of a governmental function, but whether Congress had endowed the corporation with the government's immunity from suit. *Hopkins* v. *Clemson Agricultural College,* 221 U.S. 636, 31 S.Ct. 654, 55 L.Ed. 890; *Harris* v. *District of Columbia,* 256 U.S. 650, 41 S.Ct. 610, 65 L.Ed. 1146.

There can be no doubt but that the defendants were subject to suit but the question here is their liability for torts and further, even though they have been guilty of

negligence, whether they are liable for the maintenance of a nuisance.

In *Odil* v. *Maury County,* supra, the facts were very similar to the facts in the present case. The declaration there alleged that defendant county constructed a two story brick building with a basement on a school lot in Spring Hill in Maury County; that the basement was entered by a concrete ramp paralleling the building which was 20 feet in length, its north end being even with the surface of the ground, and the south end 4 feet below the surface; that the opening thus created was not protected by guard rails, or otherwise; that the ground where the teachers encouraged the pupils to exercise and play was adjacent to this ramp, and that on November 14, 1938, plaintiff stumbled while playing and fell into this opening and received serious injuries. A recovery was sought upon the ground that this ramp as constructed constituted a nuisance.

■ The county, in the operation and maintenance of its schools, is engaged in a governmental function. *Rogers* v. *Butler,* 170 Tenn. 125, 92 S. W. (2d) 414; *Hamilton County* v. *Bryant,* 175 Tenn. 123, 132 S. W. (2d) 639.

In the absence of a statute, a county is not liable for damages to private interests by the construction of public works and improvements. See 14 Am. Jur., Counties, pp. 215, 216.

This general rule applies to acts constituting nuisances. *Carothers* v. *Shelby County,* 148 Tenn. 185, 253 S.W. 708; *Tyler* v. *Obion County,* 171 Tenn. 550, 106 S.W. (2d) 548; *Matson* v. *Dane County,* 172 Wis. 522, 179 S.W. 774.

Reliance had been made on our case of *Chandler* v.

*Davidson County*, 142 Tenn. 265, 218 S.W. 222, as fixing liability on a county in creating a nuisance on a public highway or bridge. However, the case was overruled by us in *Buckholtz* v. *Hamilton County*, 180 Tenn. 263, 174 S.W. (2d) 455.

We are of the opinion that an incorporated school district is not a municipal corporation but is in the same class with counties and occupies the same legal status. 160 A.L.R. 60; *Quinn* v. *Hester*, 135 Tenn. 373, 380, 186 S.W. 459; *Kee* v. *Parks*, 153 Tenn. 306, 283 S.W. 751.

Reliance is had on our two recent cases of *Johnson* v. *Tennessean Newspaper, Inc.*, 192 Tenn. 287, 241 S.W. (2d) 399, and *Vaughn* v. *City of Alcoa*, 194 Tenn. 449, 251 S.W. (2d) 304, to fix liability on the defendants in the present case. In the last two cited cases, the actions were against a municipality rather than against the county, or an arm of the county, and furthermore, it was held in both of said cases that in order for the declaration not to be subject to demurrer, there must be an allegation of some affirmative act on the part of the defendants creating and maintaining a nuisance.

A recent case of this Court in point is that of *Reed* v. *Rhea County and its Board of Education*, 189 Tenn. 247, 225 S.W. (2d) 49. In that case, Reed was witnessing a football game when the seat upon which he was seated in the bleachers gave way, causing him to fall and sustain severe injuries. This Court held that the defendants were engaged in a governmental function and not liable, citing *Odil* v. *Maury County*, supra, and other cases. These principles were clearly announced, too, in the recent case of *Scates* v. *Board of Commissioners of Union City*, 196 Tenn. 274, 265 S.W. (2d) 563.

It results that we find no error in the judgment of the lower court and it is affirmed.