Ira Joyce HILL et al., Appellants,

v.

The CITY OF CHATTANOOGA,
Tennessee, et al., Appellees.

Court of Appeals of Tennessee,
Eastern Section.

Oct. 10, 1975.

Certiorari Denied by Supreme Court
Feb. 9, 1976.

Weill, Ellis, Weems & Copeland and William T. Roper, Chattanooga, for appellants.

Randall L. Nelson, Chattanooga, for City of Chattanooga.

Duggan & McDonald, Chattanooga, for Alan W. Derthick and Carroll J. Henley.

Milligan, Hooper, Harris & Foster, Chattanooga, for H. E. Collins Contracting Co., Inc.

Morgan, Garner & Wood, Chattanooga, for Alma C. Bryson.

Stophel, Caldwell & Heggie, Chattanooga, for Seaboard Surety Co. of New York.

## OPINION

PARROTT, Presiding Judge.

This suit arises out of injuries sustained by thirteen-year-old Ira Joyce Hill when a shower room wall collapsed at the Alton Park Junior High School in Chattanooga. This appeal challenges the action of the circuit judge in sustaining motions for summary judgment made by the defendant contractor and architects; further, it granted a motion to dismiss made by the defendant city and its school board.

In appeals from grants of summary judgment we are called upon to decide whether the court below correctly applied the provisions of Rule 56 of the Tennessee Rules of Civil Procedure. In doing so we make an entirely fresh determination because only questions of law are presented. No presumption of correctness, T.C.A. 27–303, accompanies the decision of the trial court. Tennessee Rules of Civil Procedure 56.03 sets forth that

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

We must of course concede that there is here a threshold consideration involving a question of fact, namely, whether there is a "genuine" issue as to any material fact; it is not, however, of sufficient magnitude to raise any presumption as to the correctness of the decision below. *Green v. Lanier*, 61 Tenn.App. 487, 456 S.W.2d 345; *McFadden v. Blair*, 42 Tenn.App. 434, 304 S.W.2d 93.

Construction of the Alton Park school was completed in 1962 and the building was accepted by the city in that year. During the school year of 1964–65 the wall in question was completely rebuilt by workmen employed in the school system. Thus it is clear that some ten years lie between the collapse of the wall and the last involvement of the architects and contractor with it, and that some seven years separate the collapse and the city's rebuilding of the wall.

The architects moved for summary judgment based upon the statute of limitations set up by Chapter 353 of the Public Acts of 1965, carried forward as T.C.A. 28–314 et seq. That statute places a one-year limit on personal injury actions arising out of, inter alia, defective design or construction of improvements to real property; the period of limitation runs from the date of substantial completion of the improvement. Since the construction of the school was completed in 1962, the action of the plaintiff was clearly barred as to the architects. *Watts v. Putman County*, 525 S.W.2d 488 (Tenn.1975).

The contractor moved for summary judgment based upon completion and acceptance of his work by the city. Under the then prevailing law in Tennessee, the circuit judge's grant of the motion was proper and indeed unavoidable. *Smith v. Tucker*, 151 Tenn. 347, 270 S.W. 66 (1925); *Hester v. Hubbuch*, 26 Tenn.App. 246, 170 S.W.2d 922 (1943); *Evens v. Young*, 196 Tenn. 118, 264 S.W.2d 577 (1954); *Pulaski Housing Authority v. Smith*, 39 Tenn.App. 213, 282 S.W.2d 213 (1955). The fact that our Supreme Court subsequently overruled the case law which mandated the summary judgment does not bear upon this appeal because incidents involved here occurred before the change of the law. We refer to *Johnson v. Oman Construction Co.*, 519 S.W.2d 782 (Tenn.1975), which rewrote Tennessee's law on a contractor's liability after completion and acceptance of his work. However, we would note in passing that even were we able to follow Oman in this appeal, the contractor still would be entitled to his grant of summary judgment on the basis of T.C.A. 28–314 alone. It seems to us a needless expenditure of scarce resources to remand for this functionally identical result.

Because the contractor has no liability, *a fortiori* his surety, the Seaboard Surety Company of New York, has none.

We find nothing in the pleadings or proof submitted which could possibly make applicable the fraud and concealment provisions of T.C.A. 28–317.

The circuit court did not specify its grounds for granting the city's motion to dismiss. It is clear, however, that the city and its school board are immune from suit arising out of the performance of governmental functions. *Barnett v. City of Memphis*, 196 Tenn. 590, 269 S.W.2d 906 (1954). Additionally, the provisions of T.C.A. 28–314 are applicable to the city's 1964–65 repairs to the wall. The one-year limit upon the city's hypothetical liability for personal injury had run long before Ira Joyce Hill entered junior high school.

It is self evident that because there is no liability on the part of the city, there is none on the part of its surety, the Insurance Company of North America.

We subscribe to the dicta in *Watts v. Putman County*, supra, wherein the desirability of such special-interest statutes of limitation is questioned. Nevertheless, the legislature having spoken, we are bound by the statutory period.

For all the foregoing, it results that the actions of the circuit judge are in all things affirmed. Costs are taxed to the appellants.

SANDERS and GODDARD, JJ., concur.