# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### AUGUST 30, 2001 Session

## LAQUITA AILSWORTH v. AUTOZONE, INC., ET AL.

### Direct Appeal from the Circuit Court for Shelby County
### No. 92410 T.D.; The Honorable Robert A. Lanier, Judge

---

### No. W2000-03024-COA-R3-CV - Filed December 31, 2001

---

This appeal arises from the fall of the Appellant outside the Appellee store. The Appellant filed a complaint against the Appellees in the Circuit Court of Shelby County alleging that her injuries were proximately caused by the Appellees' negligence in allowing an icy condition to exist on the walkway in front of the store. The Appellees filed motions for summary judgment. The trial court granted the Appellees' motions for summary judgment.

The Appellant appeals the grant of summary judgment in favor of the Appellees by the Circuit Court of Shelby County. For the reasons stated herein, we reverse the trial court's decision.

### Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded

ALAN E. HIGHERS, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and DAVID R. FARMER, J., joined.

John Montague, James S. Powell, Carroll C. Johnson, III, Memphis, TN, for Appellant

Sam L. Crain, Jr., Memphis, TN, for Appellee Autozone, Inc.

Robert A. Cox, James F. Horner, Memphis, TN, for Appellees S. Richard Bauman and Bauman Realty Company, Inc.

### OPINION

### I. Facts and Procedural History

On January 16, 1997, at approximately 9:15 AM, the Appellant, Laquita Ailsworth ("Ms. Ailsworth"), entered the Appellee store, Autozone, on 1211 East Raines Road in Memphis, Tennessee. After purchasing a car battery, Ms. Ailsworth exited the store accompanied by a store employee who was carrying the car battery. After taking four to five steps from the exit of the store,

Ms. Ailsworth slipped and fell on a patch of ice approximately sixteen inches by twenty-eight inches. An Autozone assistant manager observed the patch of ice after Ms. Ailsworth fell.

The Appellee, Bauman Realty Company ("Bauman Realty"), leased the property located at 1211 East Raines Road to Autozone. The Appellee, Richard Bauman ("Mr. Bauman"), and Eliese Bauman ("Ms. Bauman") owned Bauman Realty. The lease agreement stated that Bauman Realty was responsible for maintaining

> the exterior portions and structural elements of Demised Premises or the building of which Demised Premises is a part and the appurtenances thereto and any improvements outside of Demised Premises erected by Landlord for Tenant and Landlord shall also maintain (without limitation) the roof, roof structures and supports, foundation and structural supports, walls (except interior painting), termite protection, floors (excepting floor covering) and conduits embedded in the floors, gutters, downspouts, streets, parking lot, curbs, sidewalks, and utility lines servicing Demised Premises to the extent not maintained by public utility companies in good and usable repair during The Term.

The lease agreement also stated that Bauman Realty was responsible "at its own expense to maintain throughout The Term all Common Facilities in good repair, clean and clear of snow, ice, . . . at all times when Demised Premises is open for business and for one-half hour after closing thereof." The lease agreement authorized Autozone to make repairs in the event of an emergency. The lease agreement also authorized Autozone to make repairs following the failure of Bauman Realty to perform repairs or any necessary work within thirty days of receiving written notice from Autozone. Bauman Realty was not in possession of the property and had no employees on the site of the property. Autozone complained to Bauman Realty about water leaks in the roof of the store or the canopy over the entrance and exit to the store on several occasions including January 7, 1997 and January 15, 1997, the day preceding Ms. Ailsworth's fall. There is no evidence in the record that Autozone complained to Bauman Realty about patches of ice on the ground.

On January 15, 1998, Ms. Ailsworth filed a complaint in the Circuit Court of Shelby County against Autozone, Mr. Bauman, Bauman Realty, and Union Planters Bank ("the defendants"). (TR v. 1 pgs. 2-7). The complaint alleged that Ms. Ailsworth sustained injuries and damages proximately caused by the defendants' negligence in allowing an icy condition to exist on the walkway in front of the store. On February 26, 1998, Autozone filed an answer, a cross-claim against Mr. Bauman and Bauman Realty, and a third-party complaint against Ms. Bauman. On June 15, 1998, Mr. Bauman and Bauman Realty filed an answer. On October 6, 1998, Ms. Ailsworth filed a consent order dismissing without prejudice Union Planters Bank as a defendant. The parties conducted discovery, and on October 4, 1999, the deposition of Ms. Ailsworth was taken.

Ms. Ailsworth testified by deposition that two days before her fall, there had been freezing rain in Memphis. Ms. Ailsworth testified that the weather on the following two days was sunny and cold. Ms. Ailsworth testified that on the day of her fall, she saw dark ice on the streets. Ms. Ailsworth testified that the entrance door and the exit door at the store were the same set of doors. Ms. Ailsworth testified that the patch of ice was located to her right as she entered the store. Ms. Ailsworth testified that she walked to the left when she exited the store, took four to five steps from the exit door, and fell on the patch of ice. Ms. Ailsworth testified that she did not see the patch of ice when she entered or exited the store. Ms. Ailsworth testified that she did not see the patch of ice until after she fell. Ms. Ailsworth testified that the patch of ice was thin and looked like the sidewalk. Ms. Ailsworth testified that she would not have seen the patch of ice even if she looked at it. Ms. Ailsworth testified that she did not know how the patch of ice got on the sidewalk or how long it had been there. Ms. Ailsworth testified that she did not expect to see any ice.

The National Oceanic and Atmospheric Administration ("NOAA") records for the month of January, 1997 indicate that Memphis received 3.6 inches of snow on January 10, 1997 and received rain on January 15, 1997. The NOAA records also indicate that the temperature in Memphis reached a high of fifty degrees and a low of twenty-nine degrees on January 15, 1997, the day before Ms. Ailsworth's fall. The temperature in Memphis reached a high of thirty-five degrees and a low of seventeen degrees on January 16, 1997, the day of her fall.

On November 19, 1999, Autozone filed a motion for summary judgment. Autozone filed a statement of undisputed material facts in support of its motion for summary judgment. On February 23, 2000, Mr. Bauman, Ms. Bauman, and Bauman Realty filed a motion for summary judgment. Mr. Bauman, Ms. Bauman, and Bauman Realty filed a statement of undisputed material facts and Mr. Bauman's affidavit in support of its motion for summary judgment. On November 3, 2000, the trial court granted Autozone's motion for summary judgment. On November 3, 2000, Autozone filed an order dismissing without prejudice its cross-claim against Mr. Bauman and its third-party complaint against Ms. Bauman. On November 20, 2000, the trial court granted Mr. Bauman, Ms. Bauman, and Bauman Realty's motion for summary judgment. This appeal followed.

## II. Law and Analysis

The sole issue presented for our review is whether the trial court erred by granting summary judgment in favor of Autozone, Mr. Bauman, and Bauman Realty. The standards governing an appellate court's review of a trial court's grant of summary judgment are well settled in Tennessee. See Carvell v. Bottoms, 900 S.W.2d 23, 26 (Tenn. 1995). Summary judgment is to be rendered by a trial court "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." TENN. R. CIV. P. 56.04. In ruling on a motion for summary judgment, the trial court and the appellate court must consider the matter in a light most favorable to the nonmoving party and must allow all reasonable inferences in the nonmoving party's favor. See Carvell, 900 S.W.2d at 26; Byrd v. Hall, 847 S.W.2d 208, 215 (Tenn. 1993).

The party seeking summary judgment bears the burden of demonstrating that no genuine issue of material fact exists. See Bain v. Wells, 936 S.W.2d 618, 622 (Tenn. 1997); Downen v. Allstate Ins. Co., 811 S.W.2d 523, 524 (Tenn. 1991). Once the moving party satisfies that burden, the burden then shifts to the nonmoving party to set forth specific facts establishing that there are disputed, material facts creating a genuine issue to be resolved by the trier of fact. See Byrd, 847 S.W.2d at 215. In appeals from grants of summary judgment, the appellate court must decide whether the trial court correctly applied Rule 56. See Hill v. Chattanooga, 533 S.W.2d 311, 312 (Tenn. Ct. App. 1975). The appellate court must make an entirely fresh determination because only questions of law are presented; no presumption of correctness accompanies the trial court's decision. See id.

In cases involving premises liability, the premises owner has a duty to exercise reasonable care under the circumstances to prevent injury to persons lawfully on the premises. See Eaton v. McLain, 891 S.W.2d 587, 593-94 (Tenn. 1994). This duty is based upon the assumption that an owner has superior knowledge of any perilous condition that may exist on the property. See Kendall Oil Co. v. Payne, 293 S.W.2d 40, 42 (Tenn. Ct. App. 1955). The duty of a premises owner includes the obligation either to remove or warn against any latent, dangerous condition of which the owner is aware or should be aware through the exercise of reasonable diligence. See Eaton, 891 S.W.2d at 594 (citations omitted). "The duty imposed on the premises owner or occupier, however, does not include the responsibility to remove or warn against 'conditions from which no unreasonable risk was to be anticipated, or from those which the occupier neither knew about nor could have discovered with reasonable care.'" Rice v. Sabir, 979 S.W.2d 305, 308-09 (Tenn. 1998) (quoting W. PAGE KEETON, PROSSER AND KEETON ON THE LAW OF TORTS § 61, at 426 (5th ed. 1984)). In addition, "'the plaintiff must show that the injury was a reasonable foreseeable probability, not just a remote possibility, and that some action within the [defendant's] power more probably than not would have prevented the injury.'" Eaton, 891 S.W.2d at 594 (quoting Doe v. Linder Constr. Co., 845 S.W.2d 173, 178 (Tenn. 1992)).

In order to prevail in a premises liability action, a plaintiff must show that the dangerous or defective condition (1) was "created by the owner or operator or his agent, (2) if the condition was created by someone other than the owner or operator or his agent, there must be actual or constructive notice on the part of the owner or operator that the condition existed prior to the accident." Ogle v. Winn-Dixie Greenville, Inc., 919 S.W.2d 45, 47 (Tenn. Ct. App. 1995) (citation omitted). If liability is predicated upon the constructive knowledge of the defendant, a plaintiff can demonstrate constructive knowledge by showing that the dangerous or defective condition existed for such length of time that the defendant knew, or in the exercise of ordinary care should have known, of its existence. See Simmons v. Sears, Roebuck & Co., 713 S.W.2d 640, 641 (Tenn. 1986) (citing Allison v. Blount Nat'l Bank, 390 S.W.2d 716, 719 (Tenn. Ct. App. 1965)). "Alternatively, the notice requirement is met if the plaintiff can prove that the defendant's method of operation created a hazardous situation foreseeably harmful to others." Trebing v. Fleming Co., Inc., 40 S.W.3d 42, 46 (Tenn. Ct. App. 2000) (citation omitted).

Considering the evidence in the case at bar in light of the above standard, there is no evidence that Autozone, Mr. Bauman, and Bauman Realty created or had actual notice of the patch of ice. Reasonable minds could differ, however, on the issue whether Autozone, Mr. Bauman, and Bauman Realty had constructive notice of the patch of ice. A trier of fact could reasonably infer that the patch of ice was created during the early morning hours of January 16, 1997. The NOAA records indicate that the temperature on the day before Ms. Ailsworth's fall rose to a high of fifty degrees but dropped below freezing in the early morning hours on the day of her fall. Ms. Ailsworth testified by deposition that the weather on the day of Ms. Ailsworth's fall was cold, and she observed patches of ice on the road. Memphis received 3.6 inches of snow six days before Ms. Ailsworth's fall, and Ms. Ailsworth testified that Memphis received freezing rain two days before her fall. While Ms. Ailsworth testified in her deposition that she would not have seen the patch of ice even if she had looked at it, there is evidence in the record that an Autozone assistant manager observed the patch of ice after Ms. Ailsworth fell. Further, there is evidence in the record that Autozone was aware of water leaks in the canopy over the entrance and exit to the store. There is evidence in the record that Autozone informed Bauman Realty on several occasions, including the day before Ms. Ailsworth's fall, that the leaks needed to be repaired.

Whether a premises owner or occupier has exercised the requisite standard of care to its invitees is a question of fact for the jury. See Burgess v. Tie Co. 1, LLC, 44 S.W.3d 922, 924 (Tenn. Ct. App. 2000). Our review of the record leads us to conclude that reasonable minds could differ on the pertinent issues; therefore, we must reverse the grant of summary judgment in favor of Autozone, Mr. Bauman, and Bauman Realty and remand this case to the trial court for a jury trial.

### III. Conclusion

For the foregoing reasons, we reverse the decision of the trial court granting summary judgment in favor of Autozone, Mr. Bauman, and Bauman Realty. We remand this case to the trial court for further proceedings consistent with this opinion. Costs of this appeal are taxed against the Appellees, Autozone, Inc., S. Richard Bauman, and Bauman Realty Co., Inc., for which execution may issue if necessary.

_____
ALAN E. HIGHERS, JUDGE