# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### ASSIGNED ON BRIEFS DECEMBER 6, 2001

## SEARS, ROEBUCK AND CO. v. WILLIAM RILEY

**Direct Appeal from the Circuit Court for Shelby County**
**No. CT-000892-01; The Honorable Rita L. Stotts, Judge**

---

**No. W2001-01981-COA-R3-CV - Filed January 16, 2002**

---

This appeal arises from the filing of a civil warrant by the Appellee against the Appellant in the General Sessions Court of Shelby County. The Appellee alleged that the Appellant owed on an account in the amount of $3,345.56. The trial court entered a judgment in favor of the Appellee. The Appellant appealed the judgment of the general sessions court to the Circuit Court of Shelby County. The Appellee filed a motion for summary judgment. At the hearing on the motion for summary judgment, the Appellant stated that he did not oppose the motion for summary judgment. The trial court entered an order granting summary judgment in favor of the Appellee.

The Appellant appeals the order of the Circuit Court of Shelby County granting summary judgment in favor of the Appellee. For the reasons stated herein, we affirm the trial court's decision.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. HIGHERS, J., delivered the opinion of the court, in which DAVID R. FARMER, J., and HOLLY KIRBY LILLARD, J., joined.

William Riley, Memphis, TN, *pro se*

Jason O. Young, Jr., Memphis, TN, for Appellee

## OPINION[1]

---

[1]Rule 10 (Court of Appeals). <u>Memorandum Opinion</u>. –(b) The Court, with the concurrence of all judges
(continued...)

# I. Facts and Procedural History

On August 14, 2000, the Appellee, Sears Roebuck & Co ("Sears"), instituted a collection action against the Appellant, William Riley ("Mr. Riley"), by filing a civil warrant in the General Sessions Court of Shelby County. Sears entered a verified statement of account, stating that Mr. Riley owed Sears on an account in the amount of $3,345.56. The hearing on the matter was scheduled for October 24, 2000. On October 24, 2000, Mr. Riley appeared and requested a trial on the matter. A trial date was scheduled for January 9, 2001. On January 9, 2001, Mr. Riley appeared and requested additional time to prepare for the trial. A trial date was scheduled for January 30, 2001. On January 30, 2001, Mr. Riley appeared and stated that he was not prepared to proceed to trial. Mr. Riley failed to file a sworn denial nor did he present any evidence to dispute the validity of his indebtedness. The general sessions court entered a judgment for Sears based on the verified statement of account filed by Sears. Mr. Riley appealed the judgment of the general sessions court to the Circuit Court of Shelby County.

On May 29, 2001, Sears filed a motion for summary judgment. Sears alleged that Mr. Riley had presented no evidence to dispute the validity of his indebtedness nor had he filed anything in the record to dispute the validity of his indebtedness. On July 13, 2001, the hearing on the motion for summary judgment was held. Mr. Riley stated at the hearing that he did not oppose the motion for summary judgment. On August 14, 2001, the trial court entered an order granting summary judgment in favor of Sears. This appeal followed.

# II. Law and Analysis

The sole issue presented for our review is whether the trial court erred by granting summary judgment in favor of Sears. The standards governing an appellate court's review of a trial court's grant of summary judgment are well settled in Tennessee. See Carvell v. Bottoms, 900 S.W.2d 23, 26 (Tenn. 1995). Summary judgment is to be rendered by a trial court "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." TENN. R. CIV. P. 56.04. In ruling on a motion for summary judgment, the trial court and the appellate court must consider the matter in a light most favorable to the nonmoving party and must allow all reasonable inferences in the nonmoving party's favor. See Carvell, 900 S.W.2d at 26; Byrd v. Hall, 847 S.W.2d 208, 215 (Tenn. 1993).

The party seeking summary judgment bears the burden of demonstrating that no genuine issue of material fact exists. See Bain v. Wells, 936 S.W.2d 618, 622 (Tenn. 1997); Downen v.

[1](...continued)

participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

Allstate Ins. Co., 811 S.W.2d 523, 524 (Tenn. 1991). Once the moving party satisfies that burden, the burden then shifts to the nonmoving party to set forth specific facts establishing that there are disputed, material facts creating a genuine issue to be resolved by the trier of fact. See Byrd, 847 S.W.2d at 215. In appeals from grants of summary judgment, the appellate court must decide whether the trial court correctly applied Rule 56. See Hill v. Chattanooga, 533 S.W.2d 311, 312 (Tenn. Ct. App. 1975). The appellate court must make an entirely fresh determination because only questions of law are presented; no presumption of correctness accompanies the trial court's decision. See id.

In the case at bar, Mr. Riley failed to provide any evidence disputing his indebtedness to Sears or the validity of the verified statement of account. Mr. Riley even stated at the hearing on the motion for summary judgment that he did not oppose the motion for summary judgment. Mr. Riley has raised no issues of law upon which to overturn the motion for summary judgment on appeal. Accordingly, we affirm the trial court's grant of summary judgment in favor of Sears.

### III. Conclusion

For the foregoing reasons, the decision of the trial court is affirmed. Costs of this appeal are taxed against the Appellant, William Riley, and his surety, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, JUDGE