# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### APRIL 4, 2002 Session

## TIMOTHY J. MIELE and wife, LINDA S. MIELE, Individually, and d/b/a MIELE HOMES v. ZURICH U.S.

### Direct Appeal from the Chancery Court for Davidson County
### No. 99-3615-I; The Honorable Irvin H. Kilcrease, Jr., Chancellor

---

### No. M2001-01104-COA-R3-CV - Filed November 1, 2002

---

This appeal arises from a complaint filed against the Appellants in the Chancery Court of Williamson County for negligence, breach of contract, and violation of the Tennessee Consumer Protection Act relating to the construction of and failure to repair a new home. The Appellants were insured by the Appellee. Following a jury trial, the jury found that the Appellants breached the construction contract. The jury also found that the Appellants were guilty of negligence and engaged in willfully deceptive or unfair actions. The jury returned a verdict against the Appellants for $98,500.00. The Chancery Court of Williamson County doubled the damages under the Tennessee Consumer Protection Act and awarded attorney's fees and costs in the total amount of $303,248.55. The Appellee paid $48,500.00 in satisfaction of the judgment.

The Appellants filed a complaint against the Appellee in the Chancery Court of Davidson County. The complaint alleged that the Appellee breached its obligation to pay the balance of the judgment, acted in bad faith by denying coverage to the Appellants, and willfully and knowingly violated the Tennessee Consumer Protection Act. The Appellee filed a motion for summary judgment. The trial court granted the Appellee's motion for summary judgment. The Appellants appeal the trial court's grant of summary judgment in favor of the Appellee. For the reasons stated herein, we affirm the trial court's decision.

### Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Affirmed

ALAN E. HIGHERS, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and DAVID R. FARMER, J., joined.

Thomas C. Corts, Julie Bhattacharya Peak, Nashville, TN, for Appellants

William H. Tate, Nashville, TN, for Appellee

# OPINION

## I. Facts and Procedural History

On February 18, 1997, John and Catherine Murray ("the Murrays") filed a complaint in the Chancery Court of Williamson County against the Appellants, Timothy J. Miele ("Mr. Miele") and wife, Linda S. Miele ("Mrs. Miele"), d/b/a Miele Homes (collectively "the Mieles") alleging negligence, breach of contract, and violation of the Tennessee Consumer Protection Act. The complaint alleged poor workmanship in the Mieles' construction of the Murrays' home and deceptive or unfair conduct in failing to repair the poor workmanship as required by an addendum to the construction contract. The Mieles were insured by the Maryland Insurance Group ("Maryland Insurance") pursuant to a commercial general liability insurance policy. The Mieles submitted the Murrays' complaint to Maryland Insurance. On February 27, 1997, Maryland Insurance acknowledged receipt of the complaint. On March 7, 1997, Maryland Insurance sent the Mieles a reservation of rights letter advising them that the claims for breach of contract, breach of the Tennessee Consumer Protection Act, and construction defects where no property damage exists would not be covered under the insurance policy. The reservation of rights letter referred to the relevant portions of the insurance policy and stated the following:

> Based on the above mentioned policy language and the allegations contained within the Complaint, we will continue our investigation into this incident without waiving any right to deny coverage in the future. However, we will continue to provide you a defense and partial indemnity for the property damage as a result of the alleged water damage.

On October 23, 1998, Assurance Company of America ("Assurance") filed a motion to intervene for the sole purpose of requesting that the jury itemize any judgment awarded. On October 27, 1998, the trial court entered an order granting the motion to intervene. On October 30, 1998, a jury trial was held. The jury returned a verdict in favor of the Murrays for actual damages in the amount of $98,500.00, which included $48,500.00 in water intrusion damage. The jury found that the Mieles breached the addendum to the construction contract because they refused to make the repairs that they agreed to make in the addendum. The jury also found that Mr. Miele was guilty of negligence, that Mr. Miele's actions were deceptive or unfair, and that Mr. Miele's actions were willful. Based on the jury's finding that Mr. Miele's actions were willful, the trial court trebled the actual damages under the Tennessee Consumer Protection Act for a damages award of $295,500.00. The trial court also awarded attorney's fees in the amount of $98,500.00 and costs in the amount of $7,748.55. On December 22, 1998, the trial court reduced the total judgment to $303,248.55 to allow for double damages rather than treble damages. Following entry of the judgment, Maryland Insurance paid $48,500.00 toward satisfaction of the judgment. Maryland Insurance refused to pay the remaining $254,748.55 of the judgment.

On December 14, 1999, the Mieles filed a complaint in the Chancery Court of Davidson County against the Appellee, Zurich U.S., the successor in interest to Maryland Insurance. The complaint alleged that Maryland Insurance breached its obligation pursuant to the Mieles' insurance policy to pay the balance of the judgment, acted in bad faith in denying coverage to the Mieles, and willfully and knowingly violated the Tennessee Consumer Protection Act by denying coverage under the insurance policy. The complaint admitted that Maryland Insurance had paid $48,500.00 toward satisfaction of the judgment and that the remaining $50,000.00 in actual damages was properly excluded from coverage under the terms of the insurance policy. The complaint alleged, however, that Maryland Insurance should have paid $204,748.55 which included the double damages portion of the judgment, attorney's fees, and costs as well as a 25% penalty in the amount of $51,187.14.

On February 11, 2000, the parties agreed that Assurance was the proper defendant, and Assurance was substituted as the defendant. On March 16, 2000, Assurance filed an answer to the complaint. On January 30, 2001, Assurance filed a motion for summary judgment. On March 13, 2001, the Mieles filed a response to the motion for summary judgment supported by the affidavit of Mr. Miele. On March 27, 2001, Assurance filed a reply in support of summary judgment. On March 30, 2001, the trial court held a hearing on the motion for summary judgment. The trial court found that the damages sought by the Mieles were not covered under the insurance policy. The trial court declined to rule whether the $48,500.00 paid by Assurance was covered by the insurance policy. On April 10, 2001, the trial court entered an order granting summary judgment in favor of Assurance. This appeal followed.

## II. Standard of Review

The standards governing an appellate court's review of a trial court's grant of summary judgment are well settled in Tennessee. See Carvell v. Bottoms, 900 S.W.2d 23, 26 (Tenn. 1995). Summary judgment is to be rendered by a trial court "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." TENN. R. CIV. P. 56.04. In ruling on a motion for summary judgment, the trial court and the appellate court must consider the matter in a light most favorable to the nonmoving party and must allow all reasonable inferences in the nonmoving party's favor. See Carvell, 900 S.W.2d at 26; Byrd v. Hall, 847 S.W.2d 208, 215 (Tenn. 1993).

The party seeking summary judgment bears the burden of demonstrating that no genuine issue of material fact exists. See Bain v. Wells, 936 S.W.2d 618, 622 (Tenn. 1997); Downen v. Allstate Ins. Co., 811 S.W.2d 523, 524 (Tenn. 1991). Once the moving party satisfies that burden, the burden then shifts to the nonmoving party to set forth specific facts establishing that there are disputed, material facts creating a genuine issue to be resolved by the trier of fact. See Byrd, 847 S.W.2d at 215. In appeals from grants of summary judgment, the appellate court must decide whether the trial court correctly applied Rule 56. See Hill v. Chattanooga, 533 S.W.2d 311, 312 (Tenn. Ct. App. 1975). The appellate court must make an entirely fresh determination because only

questions of law are presented; no presumption of correctness accompanies the trial court's decision. See id.

### III. Law and Analysis

The following issues, as we perceive them, are presented for our review:

1. Whether the insurance policy provides coverage to the Mieles for double damages awarded under the Tennessee Consumer Protection Act, attorney's fees, and costs;
2. Whether Assurance is estopped from denying that there was underlying coverage for the actual damages;
3. Whether Mrs. Miele is entitled to coverage under the insurance policy due to any negligent or willful acts of Mr. Miele.

We will examine each issue in turn.

The first issue presented for our review is whether the insurance policy provides coverage to the Mieles for double damages awarded under the Tennessee Consumer Protection Act, attorney's fees, and costs. As a result of the jury's finding that Mr. Miele's actions were willful, the trial court awarded the Murrays double damages under the Tennessee Consumer Protection Act, attorney's fees, and costs. Assurance denied coverage to the Mieles for the double damages awarded under the Tennessee Consumer Protection Act, attorney's fees, and costs. The insurance policy states that it does not cover "expected or intended injury" defined as "'[b]odily injury' or 'property damage' expected or intended from the standpoint of the insured." Assurance claims that willful conduct resulting in double damages under the Tennessee Consumer Protection Act, attorney's fees, and costs are not covered under the insurance policy because it is damage "expected or intended from the standpoint of the insured." In its order granting summary judgment, the trial court agreed that the double damages awarded under the Tennessee Consumer Protection Act, attorney's fees, and costs sought by the Mieles are excluded by the insurance policy.

In Tennessee Farmers Mutual Insurance Co. v. Evans, 814 S.W.2d 49 (Tenn. 1991), the Tennessee Supreme Court interpreted an insurance policy exclusion similar to the exclusion in the case at bar. Tennessee Farmers Mutual Insurance issued a liability insurance policy to Mr. and Mrs. Evans which stated that it excluded claims for property damage "expected or intended by an insured person." See id. at 53. Clinton Bank informed Mrs. Evans that Mr. Evans had a safety deposit box at the bank which contained $186,000.00. See id. at 51. Believing the money to be "drug money," Mrs. Evans took the $186,000.00 to her home and burned the money. See id. Three weeks later, Clinton Bank contacted Mrs. Evans and informed her that the safety deposit box did not belong to Mr. Evans but rather to another bank patron, Mr. Dillard. See id. at 52. Clinton Bank demanded that Mrs. Evans return the $186,000.00, and Mrs. Evans refused. See id. Clinton Bank reimbursed the $186,000.00 to Mr. Dillard's estate and sued Mr. and Mrs. Evans. See id. Tennessee Farmers Mutual Insurance filed a declaratory judgment action in the Chancery Court of Shelby County seeking a declaration that it was not obligated to afford coverage to Mrs. Evans based on the

insurance policy's exclusion for intentional actions. See id. at 50. Following discovery, Tennessee Farmers Mutual Insurance filed a motion for summary judgment. See id. at 53. The chancery court found that the exclusion was applicable to Mr. and Mrs. Evans and granted summary judgment in favor of Tennessee Farmers Mutual Insurance. See id.

The court of appeals affirmed the chancery court's conclusion with respect to Mrs. Evans but reversed with respect to Mr. Evans. See id. The Tennessee Supreme Court granted Mrs. Evans' permission to appeal. On appeal, the supreme court recognized a nationwide split regarding the interpretation of an insurance policy exclusion for liability for property damage intended or expected by the insured. See id. After examining the various approaches to such an exclusion, the supreme court adopted the following approach in Tennessee:

> [I]n order to find that an intended or expected acts exclusion applies, it must be established that the insured intended the act *and* also intended or expected that injury would result. These are separate and distinct inquiries because many intentional acts produce unexpected results and comprehensive liability insurance would be somewhat pointless if protection were precluded if, for example, the intent to cause harm was not an essential (and required) showing. The intent itself may be actual or inferred from the nature of the act and the accompanying reasonable foreseeability of harm. It is immaterial that the actual harm was of a different character or magnitude or nature than that intended.

Id. at 55.

Applying the foregoing test to the facts in the case at bar, we find that the insurance policy exclusion applies, and the double damages awarded under the Tennessee Consumer Protection Act, attorney's fees, and costs are excluded by the insurance policy. The jury found that Mr. Miele acted willfully in failing to make the repairs that he agreed to make under the addendum to the construction contract. The jury's finding that Mr. Miele's actions were willful satisfies the first prong of the test that the insured intended the act. In addition to intentionally failing to make the agreed repairs, it is clear that Mr. Miele intended or expected that the Murrays would suffer an injury if the repairs were not made. As a result, we find that the second prong of the test, that the insured intended or expected that injury would result, is satisfied. Because Mr. Miele intended the act and intended or expected that injury would result, the insurance policy exclusion applies to the case at bar. Accordingly, we find that the insurance policy does not provide coverage to the Mieles for double damages awarded under the Tennessee Consumer Protection Act, attorney's fees, and costs.

The second issue presented for our review is whether Assurance was estopped from denying that there was underlying coverage for the actual damages. Because the insurance policy did not provide coverage to the Mieles for the double damages award under the Tennessee Consumer Protection Act, attorney's fees, and costs, we find that it is not necessary to determine this issue.

The third issue presented for our review is whether Mrs. Miele is entitled to coverage under the insurance policy due to any negligent or willful acts of Mr. Miele. The Mieles claim that the jury found that Mr. Miele's actions were willful but did not make a specific finding as to Mrs. Miele's actions. As a result, the Mieles argue that Mrs. Miele was an innocent co-insured who was entitled to coverage under the insurance policy. We disagree. Under Tennessee law, partners are liable for the wrongful acts of their co-partners. Section 61-1-112 of the Tennessee Code states:

> Where, by any wrongful act or omission of any partner acting in the ordinary course of the business of the partnership, or with the authority of his copartners, loss or injury is caused to any person, not being a partner in the partnership, or any penalty is incurred, the partnership is liable therefore to the same extent as the partner so acting or omitting to act.

TENN. CODE ANN. § 61-1-112 (1989).

Section 61-1-114(a) of the Tennessee Code states: "Except as provided in subsection (b), all partners are liable, jointly and severally for everything chargeable to the partnership." TENN. CODE ANN. § 61-1-113(a) (Supp. 2000).

In the case at bar, Mr. and Mrs. Miele are partners in Miele Homes. The trial court instructed the jury "that because Defendants Tim and Linda Miele are partners and co-owners of Miele Homes, you are instructed that any liability that you find as to Tim Miele will also be imputed to Linda Miele and both will ultimately be responsible for that liability. You will not be asked to make a decision between the two of them." The jury found that Mr. Miele was liable to the Murrays in that he was guilty of negligence and his actions were willfully deceptive or unfair. We find that Mrs. Miele was not an innocent co-insured because the liability imposed on Mr. Miele was imputed to Mrs. Miele as a partner in Miele Homes. Accordingly, we find that Mrs. Miele was not entitled to coverage under the insurance policy.

## IV. Conclusion

For the foregoing reasons, the decision of the trial court is affirmed. Costs of this appeal are taxed against the Appellants, Timothy and Linda Miele, Individually and d/b/a Miele Homes, and their surety, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, JUDGE