# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
May 8, 2009 Session

## TENNESSEE FARMERS MUTUAL INSURANCE COMPANY v. MICHAEL NEILL

**Appeal from the Circuit Court for Bedford County**
**No. 11202     Franklin Lee Russell, Judge**

_____

**No. M2008-02056-COA-R3-CV - Filed June 2, 2009**

_____

Insurance company filed suit for a declaration that the policy exclusion for intentional acts applied to an injury arising from a paintball game. The trial court ruled for the insured. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ANDY D. BENNETT, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR. and RICHARD H. DINKINS, JJ., joined.

Steven Ashley Dix, Murfreesboro, Tennessee, for the appellant, Tennessee Farmers Mutual Insurance Company.

Lee Bussart Bowles, Lewisburg, Tennessee, for the appellee, Michael Neill.

## OPINION

On January 28, 2006, Michael Neill and Chandler Fuller were playing paintball on property owned by Michael's parents. At the time, Michael was 25 years old. Chandler was 13. Michael won the first game and Chandler won the second. After the second game was finished, Chandler took off his protective eye gear. Michael aimed at Chandler's chest and fired one last shot. Unfortunately, the paintball curved and hit Chandler in the eye. Michael immediately took Chandler to the emergency room. Chandler suffered some injury and sued Michael for damages. Tennessee Farmers Mutual Insurance Company, the insurer of the Neill property, filed this separate action to determine if the policy exclusion for intentional actions relieves the insurance company of any liability. The policy exclusion states: "We do not provide liability coverage under this Coverage E - Personal Liability for any person or entity for: 1. Bodily injury, economic loss, or property damage caused by the intentional or malicious act or omission of any person."

Only Michael and Chandler testified at the trial. Michael testified that, as a sort of hazing or congratulations but without an intent to hurt, the winner of a game might be the recipient of a late shot from the loser-- that is, he might be shot by another participant after the game is over. That is what Michael said he did to Chandler. He said that he knew the paintball would possibly sting or bruise if shot at close range. He also knew that Chandler had on coveralls. He had already hit Chandler the same way during the paintball games. According to Michael, the paintball curved and struck Chandler in an unexpected and unintended place.

Chandler also testified that the paintball curved. He further stated that, had it not curved, the paintball would have hit him in the stomach or chest. Asked if previous similar shots to the chest hurt, he testified that they did not hurt because he wore protective clothing. He also testified that late shots were common in their paintball games.

The trial court found that Michael's action of "discharging his paint ball gun at the chest of Chandler Fuller was a celebratory gesture, and that his action was accidental and no harm was intended." Therefore, the trial court found that the insurance company's policy provided liability coverage for Michael's act. Tennessee Farmers Mutual Insurance Company appealed, maintaining that the trial court erred in its determination of Michael's intent.

The trial court's determination of Michael's intent is a finding of fact. Appellate court review of the findings of fact by a trial court is de novo upon the record, accompanied by a presumption of correctness unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d). The trial court's decisions of law are reviewed de novo with no such presumption. *Taylor v. Fezell*, 158 S.W.3d 352, 357 (Tenn. 2005).

The Tennessee Supreme Court has stated that "in order to find that an intended or expected acts exclusion applies, it must be established that the insured intended the act *and* also intended or expected that injury would result." *Tenn. Farmers Mut. Ins. Co., v. Evans*, 814 S.W.2d 49, 55 (Tenn. 1991); *see also Metro. Prop. & Cas. Ins. Co. v. Buckner*, No. E2008-00989-COA-R3-CV, 2009 WL 1162612, *8 (Tenn. Ct. App. Apr. 30, 2009). Underlying the *Evans* approach is a concern that if a person could insure himself against liability for intentional wrongdoing, "the deterrence attributable to financial responsibility would be missing." *Evans*, 814 S.W.2d at 56.

It appears that the trial court used the two-part *Evans* test. As we read the trial court's order, it seems the judge found that Michael's act of firing at Chandler was intentional but that the harm was accidental since no harm was intended. The record fully supports the judge's determination that Michael intentionally fired the paintball at Chandler. The difficult part of the *Evans* test in this case is whether Michael "also intended or expected that injury would result." *Evans*, 814 S.W.2d at 55.

As to the intent or expectation of injury, *Evans* teaches that "[t]he intent itself may be actual or inferred from the nature of the act and the accompanying reasonable foreseeability of harm. It is immaterial that the actual harm was of a different character or magnitude or nature than that intended." *Id*. There is support in the record for a finding that Michael intended to harm Chandler

in the sense that he knew there was a possibility of a sting or bruise from the shot. There is also support in the record for a finding that Michael did not intend to harm Chandler. Michael had shot Chandler during the game. Michael knew Chandler had on protective clothing. Michael testified that he did not intend to harm Chandler. The trial judge determined that Michael did not intend to harm Chandler, and the evidence does not preponderate against that finding. A determination of intent is fact-specific. Context matters. In the context of a paintball game as Michael and Chandler played it, what Michael did was not an intentional act of wrongdoing. It was part of the game and done with no intent to harm. This distinguishes the instant case from other cases applying the intentional acts exclusion, such as *Evans*, which involved Evans burning money that did not belong to her (although she was mistaken as to whose money it was), and *Buckner*, which involved shooting a rifle at interstate traffic. *Evans*, 814 S.W.2d at 50; *Buckner*, 2009 WL 1162612, at \*1; *see also Miele v. Zurich U.S.*, 98 S.W.3d 670, 674-75 (Tenn. Ct. App. 2002) (willful failure to make repairs required by a construction contract); *Tenn. Farmers Mut. Ins. Co., v. Inman*, No. 03A01-9808-CV-00246, 1999 WL 134947, \*2 (Tenn. Ct. App. Mar. 10, 1999) (voluntary manslaughter and aggravated assault); *State Farm Fire & Cas. Co. v. Pickral*, No. 01A01-9609-CV-00409, 1997 WL 80046, \*2 (Tenn. Ct. App. Feb 26, 1997) (child molestation).

The decision of the trial court is affirmed. Costs of appeal are assessed against appellant, Tennessee Farmers Mutual Insurance Company, for which execution may issue if necessary.

_____
ANDY D. BENNETT, JUDGE